No. 12,768.

### STATE OF LOUISIANA VS. JIM POOL.

The constitutional guarantee that the defendant in a criminal prosecution shall enjoy the right to defend himself and to have the assistance of counsel is not an empty formality, but an inestimable privilege; and counsel should be allowed reasonable time to prepare the defence.

29

APPEAL from the Sixteenth Judicial District Court for the Parish of St. Helena.   *Reid, J.*

*M. J. Cunningham*, Attorney General, and *Duncan S. Kemp*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*W. C. Pipkin* and *W. T. Holland* for Defendant, Appellant.

Argued and submitted April 9, 1898.
Opinion handed down April 18, 1898.

The opinion of the court was delivered by

WATKINS, J.   The defendant was indicted for the murder of a colored girl under fourteen years of age, and appeals from a verdict of guilty and sentence of death, relying upon three bills of exceptions which were reserved to the ruling of the court during the progress of the trial.

The *first* bill relates to the declination of the trial judge to grant a continuance of the case based upon two grounds: (1) The impossibility of procuring the attendance of an important witness who was absent; and (2) that sufficient time had not been allowed counsel for the examination of the case and the preparation of the defence of the accused—the homicide having been committed only a few days prior to the finding of the indictment on the 25th of February, 1898, and the cause having been assigned for trial on the 1st of March following.

The defence was that the homicide was accidental.  The substance of the defendant's motion is that his witness, Louis Brown, was temporarily absent from the parish, and for that reason he could not have been summoned and was not summoned by the sheriff, after seasonable and proper effort had been made, as is evidenced by his return upon the summons which had been issued for him.

That he could have testified, had he been present, to his declarations, appearance and demeanor after the homicide, as well as to the other facts and circumstances of the case, confirmatory and corroborative of the testimony in the case in his favor.

And it is further to the effect that he was incarcerated in jail without the benefit of bail, as soon as he surrendered himself to the sheriff; and being unable to employ counsel the court assigned counsel to represent him. But that counsel assigned to him were at the time engaged in the trial of other important cases in that court—the District Court being at the time in session—and could not *then* give immediate attention to the case; so that when the case was called for trial, three days later, on the day fixed for trial, they had not had an opportunity of conferring with the accused, and preparing and formulating his defence, and, were not prepared to go into the trial of such an important case under the circumstances related.

It appears from the record that the homicide was committed during a Sunday, in the house where the girl lived, and within the hearing and in immediate proximity to several persons.

It appears that it occurred at some ten miles distance from the court house, but that the accused was on his way to the sheriff's office to surrender himself when he was arrested and at once placed in jail.

The indictment of the accused followed a few days afterward; and within four days after that, one of them being a Sunday, he had been tried, convicted and sentenced to the extreme penalty of the law.

It is not denied that the defendant was kept in close confinement between the time when he was first arrested and the trial; and it is not denied that the counsel who were appointed by the court to defend his cause were closely occupied in the trial of other important criminal cases in that court during the greater part of that interval.

The only question about which we feel concerned is, whether—circumstanced as the accused and his case were—the ends of substantial justice demanded a trial so speedily, that is to say, within a week after the homicide, and within three days after the indictment was found.

Had the accused been at liberty under bond so that he could have conferred freely with counsel who were appointed and gone to the scene of action and ascertained what evidence there was attainable in his favor, we would feel less like holding that the trial was unduly precipitate, but in view of the fact that he was incarcerated in jail from the day of the homicide and unable to see and confer with friends, or counsel whom the court had assigned for his defence, it does seem to us that the hardship put upon him was unusually

great—particularly in view of the fact that the indictment charged him with murder, that the jury found him guilty without qualification, and that the trial judge sentenced him to death.

The Constitution provides in the bill of rights that in all criminal prosecutions the accused shall enjoy, among other things, the right "to defend himself, and to have the assistance of counsel." Const., Art. 8.

In State vs. Ferris, 16 An. 425, our predecessors said on this subject:

"The law securing to (the accused in criminal cases) the assistance of counsel did not intend to extend a barren right; for, of what avail would be the privilege of counsel * * . * if, on the spur of the moment, without an opportunity of studying the case, the former should be compelled to enter into the investigation of the case."

In the more recent case of State vs. Simpson, 38 An. 24, this court, with great deliberation, decided "that the right to be heard by counsel, guranteed by the Constitution to the accused, is not an empty formality, but an inestimable privilege, and that counsel should be allowed reasonable time to prepare the defence."

On the faith of those two decisions this court made the same application of the same doctrine in State vs. Brooks, 39 An. 239, and from that opinion we make the subjoined extract, viz.:

"From the foregoing recital it appears that the accused was convicted on the ninth day following the commission of the offence for which he was indicted, and that the application was made for a continuance on the *first* calling of the case for trial."

After quoting from the decisions referred to, the Chief Justice, speaking for the court, said:

"Precipitancy, instead of accelerating, at times procrastinates the trial of offenders."

We thiuk the principle announced in those cases finds just application here.

But, in thus deciding, we wish it to be distinctly understood that we intend no reflection whatever upon neither the trial judge nor the District Attorney.

Upon other propositions presented and discussed in the briefs and argument of counsel on either side we express no opinion.

It is therefore ordered, adjudged and decreed that the verdict of

the jury and the sentence of the court thereon pronounced be annulled and reversed; and it is further ordered and decreed that the cause be remanded to the court below for a new trial according to law.