WILLIAM MOORE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The statute authorizes the appellate court to review by writ of error and bill of exceptions a refusal of the trial court to grant a motion for the continuance of a cause and other matters *in pais*, but in reviewing such motions the appellate court is governed by established principles of judicial procedure designed to effectuate the provision of the constitution that "right and justice shall be administered without * * * delay."

2. An application for a continuance on the ground of an absent witness should state under oath the facts expected to be proven by the witness, where and how the information was obtained, and that the desired witness would testify as stated, and the application should also state facts showing that all reasonable effort has been made to secure the attendance of the witness at the time the application for continuance is made; that he is absent without the consent of the party, directly or indirectly given; that he resides within the jurisdiction of the court; that the testimony is material and not merely cumulative; that the testimony desired can not be given by any available witness; that the applicant reasonably expects to procure the presence of the witness at the future day; that he can not safely go to trial without the testimony of the witness; that the application is made in good faith and not for delay only.

3. Motions for a continuance are in the discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized.

4. The rule as to granting continuances are substantially the same in civil and criminal causes, except as modified by the differences in procedure in the two classes of causes; yet affidavits for continuances should be scanned more closely in criminal than in civil cases, because of the superior temptation to delay presenteu by the former class.

5. To justify an appellate court in holding the trial court in error in its ruling denying an application for a continuance in a criminal case, all facts necessary to show a clear abuse of discretion to the injury of the accused must be presented, and when ever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling.

6. The exercise of the right to have compulsory process for the attendance of witnesses is subject to legislative regulation that does not impair the right or deny its reasonable exercise for the benefit of the accused.

7. An accused and his counsel are entitled to a reasonable time in which to prepare for a trial after an accusation of crime is made. What is a reasonable time is to be determined from all the facts and circumstances of the case.

8. Where testimony should reasonably have been anticipated, it will not warrant a continuance on the ground of surprise.

9. Where it clearly appears that the supposed testimony of an alleged absent witness could not reasonably affect the result of the trial, the appellate court will not disturb an order denying a continuance.

10. There is no rule of law or procedure that where an indictment is found at one term the trial can not properly be had at that term. Whether a continuance should be had to another term depends upon the facts and circumstances of the case. The granting of a continuance is in the discretion of the trial judge and his ruling will not be disturbed unless abuse of discretion affirmatively appears.

11. An accused is not entitled as a matter of right to have a jury drawn from the jury box, but the court may order a jury from the county at large when the names in the jury box are exhausted.

12. A denial of a motion for a continuance on the ground that public sentiment against the accused is such that he can not obtain a fair trial in the county will not be disturbed when the affidavit of the defendant is not supported by other affidavits or evidence, and there is no showing that the accused was prevented from getting corroborative evidence, and no abuse of discretion is shown.

13. It is not error to fail to charge on murder in the third degree when the facts do not call for such a charge.

14. Statements, not dying declarations, made by the deceased the next day after the fatal cutting are hearsay and inadmissible.

15. Where the evidence sustains the verdict and no errors of procedure appear, the judgment will be affirmed.

This case was decided by Division A.

Writ of error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*G. A. Worley,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was indicted July 12th, 1909, at a Special Term of the Circuit Court in Dade County for the murder by cutting of David Scott on April 12, 1909. This writ of error was taken to a conviction of murder in the first degree and a life sentence. The bill of exceptions shows that on July 14th the defendant was arraigned on the indictment, pleaded not guilty and announced that he was ready for trial; that a trial was had and the jury failing to agree a mistrial was ordered and the case set for another trial July 22, 1909. On the latter day the defendant applied for a continuance of the case upon the grounds (1) that the indictment has just been found and defendant had not had ample time or opportunity to prepare his defense and makes this application in good faith for the purpose of having time and opportunity to investigate the charges against him and prepare his defense; (2) that there are complications and developments in the case which the defendant nor his counsel has had time or opportunity to investigate; that the defendant has just at the Special Term been able to procure counsel, and relying upon statements made by witnesses for the State the defendant did not know until the witnesses had testified that there would be evidence against him tending to show that he had committed murder as charged; that the defendant

and his counsel were greatly surprised at the testimony of the State witnesses C. Cone and Steve Bravo at the first trial; that there are witnesses who can and will testify that the deceased assaulted the defendant in the vicinity of the corner of 7th St. and Avenue D, "and that the deceased walked about 150 feet after he was cut before he stopped or lay down on the sidewalk, and then stated to witnesses that he had been cut by a 'cracker' in his shirt sleeves, with his sleeves rolled up above his elbows, and this defendant will be able to show that at the time he was not in his shirt sleeves, and did not have his sleeves rolled up, and if time be given defendant and his counsel to investigate said cause and procure attendance of witnesses to testify in said cause, defendant will be able to establish the fact of his innocence, but if forced to trial at the present time, he will be obliged to go into the trial without witnesses whom he is informed and believes will testify facts sufficient to establish his innocence, and great injustice will be done him in the premises; (3) that defendant has only one counsel, G. A. Worley, who because of recent sickness is physically unable to undertake the defense (this fact is sworn to by Mr. Worley) ; . (4) because of the absence of certain witnesses, to-wit, Joseph Jeffries, for whom subpoenas have been issued, and whom the court has ordered subpoenaed to testify in this cause, who, if present, would testify in behalf of defendant in substance as follows: That this defendant was on the night of the homicide assaulted on the outside of the 9th St. saloon by the deceased and beaten in an unmerciful manner at a time when this defendant was in almost a hopeless state of intoxication, having been for several days on a continuous drunk, and at the time far advanced in the state of intoxication; that the defendant, after being beaten and assaulted by the deceased started on his way home, and at or near the corner of 7th St. and Ave. D

the deceased assaulted the defendant and. a fierce scuffle ensued, in which the deceased was cut, and the deceased, after being cut, walked nearly three hundred feet in an easterly direction, down in front of the Nelson Building, where he was found lying on the sidewalk and there stated that he was cut by a 'cracker' with his sleeves rolled up above his elbows and in his shirt sleeves, and that this defendant did not go down near the Nelson Building, but as soon as he was released by the deceased, near the corner of Ave. D and 7th St. he proceeded on his way homeward; that these witnesses reside in the State of Florida and have their permanent abode and headquarters in Miami, Dade County, Florida, and that their presence can be procured at the next regular term of this court, and that they are not absent with the consent or through the connivance of this defendant, and that this defendant has used all diligence and means at his command to have said witnesses present and testify in his behalf at this, the special term, and that he makes this motion in good faith for the purpose of procuring the attendance of said witnesses at the next term of this court; (5) because the names of the jurors whose names have been placed in the jury box in and for this county have been all withdrawn from the box, and the jury list, as drawn from the box, exhausted, and this defendant is advised and believes he can not obtain a fair and impartial trial unless the jury should be drawn from the box to try him in said cause; that in this trial, the jurors, as drawn, are drawn from certain localities of the county wherein bitter and deep prejudice for some unknown cause to the defendant runs rife, and this defendant can not secure a fair and impartial trial before the jury as summoned to try him in said cause. And this motion is further made in good faith, and for the further purpose of having the jury drawn from the box to try him in said cause; (6) because defendant has

recently been tried on said indictment which trial resulted in a mistrial on the 16th day of July, 1909, and that said cause has been so publicly discussed on the streets and given such prominent places in the papers until this affiant will be unable to secure a fair and impartial trial at the present time before a jury in Dade county on account of the unprecedented publicity given to the evidence introduced in the previous trial in the papers published in Miami, Florida, and also by the common rumors and discussions by the citizens throughout the county; that the Miami Metropolis, in particular, under heavy headlines during the progress of said cause published glaring reports of the testimony in said cause, declaring upon what had been said and done in speaking of the blood-stained knife and the assault, etc., until the minds of the people have become inflamed without cause against this defendant, and this defendant fears and has reason to believe that he can not and will not secure a fair and impartial trial at this, the special term of said court on account of the undue publicity and unfair comments in the papers of certain facts and circumstances attending the homicide and this affiant further says that he is unable to procure the attendance of witnesses at this term of court who will testify to the facts herein set out, and can not procure the attendance of said witnesses." The defendant alone swore to this application except that his counsel, Mr. Worley, made affidavit as to his own physical condition at the time. The only matters argued here are the motion for continuance, the charges given and refused, and the exclusion of hearsay testimony.

The statute authorizes the appellate court to review by writ of error and bill of exceptions a refusal of the trial court to grant a motion for the continuance of a cause and other matters *in pais.* Secs. 1693, 1694 and 4044, Gen. Stats. of 1906. But in reviewing such motions the

appellate court is governed by established principles of judicial procedure designed to effectuate the provision of the constitution that "right and justice shall be administered without   *   *   *   delay."   Sec. 4 of Bill of Rights; Owen v. State, 58 Fla., 84, 50 South. Rep. 639.

An application for a continuance on the ground of an absent witness should state under oath the facts expected to be proven by the witnesses, where and how the information was obtained; and that the desired witness would testify as stated, and the application should also state facts showing that all reasonable effort has been made to secure the attendance of the witness at the time of the application for continuance is made; that he is absent without the consent of the party, directly or indirectly given; that he resides within the jurisdiction of the court; that the testimony is material and not merely cumulative; that the testimony desired can not be given by any available witness; that the applicant reasonably expects to procure the presence of the witness at the future day; that he can not safely go to trial without the testimony of the witness; that the application is made in good faith and not for delay only.   Harrell v. Durrance, 9 Fla., 490; Hicks v. State, 25 Fla., 535, 6 South. Rep. 441; Ballard v. State, 31 Fla., 266, 12 South. Rep. 865; Reynolds v. Smith, 49 Fla., 217, 38 South. Rep. 903; Adams v. State, 56 Fla., 1, 48 South. Rep. 219; Clements v. State, 51 Fla., 6, 40 South. Rep., 432.

Motions for a continuance are in the discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized. The rules as to granting continuances are substantially the same in civil and criminal causes, except as modified by the differences in procedure in the two classes of causes; yet affidavits

for continuances should be scanned more closely in criminal than in civil cases, because of the superior temptation to delay presented by the former class. All facts necessary to show a clear abuse of discretion to the injury of the accused must be presented, and wherever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling denying the motion. Ballard v. State, 31 Fla., 266, 12 South. Rep., 865; Adams v. State, 56 Fla., 1, 48 South. Rep., 219; Webster v. State, 47 Fla., 108, 36 South. Rep., 584.

To justify an appellate court in holding the trial court in error in its ruling denying an application for a continuance in a criminal case, all facts necessary to show a clear abuse of discretion to the injury of the accused must be presented, and whenever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling. Gass v. State, 44 Fla., 70, 32 South. Rep., 109.

In Section 11 of the Bill of Rights it is provided that "In all criminal prosecutions the accused shall have the right to * * * have compulsory process for the attendance of witness in his favor," but this right should be reasonably exercised so as not to cause a violation of the provision that "right and justice shall be administered without * * * delay." The exercise of the right to have compulsory process for the attendance of witnesses is subject to legislative regulation that does not impair or deny its reasonable exercise for the benefit of the accused. In this case the motion for continuance states that a subpoena was issued for a witness, and it does not affirmatively appear that due diligence was not used by the officers to find the witness after the process was applied for and issued. An accused and his counsel are entitled

to a reasonable time in which to prepare for a trial after an accusation of crime is made. What is a reasonable time is to be determined from all the facts and circumstances of the case. The homicide is alleged to have been committed April 12, 1909, and the record shows that the defendant was arrested for it that night. He was indicted July 12th, announced ready for trial when arraigned July 14th, a mistrial was had July 16th, and the case set again for July 22nd. This does not appear to be unreasonable, and the surprises the defendant alleges that he experienced at the first trial can not be relieved by the desired testimony of the alleged absent witness when the defendant states in his testimony that he cut the deceased near the corner of 7th Street and Avenue D, and there is positive testimony by a person who was with the deceased that when the defendant cut the deceased he instantly fell.

Where testimony should reasonably have been anticipated, it will not warrant a continuance on the ground of surprise. See Merrill v. O'Bryan, 48 Wash., 415, 93 Pac. Rep., 917. The defendant should reasonably have anticipated the testimony of Cone and Bravo who were eye-witnesses to the fatal cutting.

The desired testimony that the accused "after being cut, walked nearly three hundred feet * * * where he was found lying on the sidewalk and there stated that he was cut by a 'cracker,'" is not admissible as to its hearsay feature. The application for continuance does not state how or when information was obtained as to what testimony the absent witness would give or that the testimony can not be obtained from others, or that the continuance is not asked merely for delay. The trial judge was familiar with the facts and circumstances disclosed at the first trial and his denial of the application for continuance was justified as appears by the whole record here. Where it clearly appears that the supposed testimony of

an alleged absent witness could not reasonably affect the result of the trial, the appellate court will not disturb an order denying a continuance. See Hicks v. State, 25 Fla., 535, 6 South. Rep., 441; State v. Worrell, 25 Mo., 205, text 256; State v. Temple, 194 Mo., 237, 92 S. W. Rep., 869, 5 Anno. Cas. 954.

There is no rule of law or procedure that where an indictment is found at one term the trial can not properly be had at that term. Whether a continuance should be had to another term depends upon the facts and circumstances of the case. The granting of a continuance is in the discretion of the trial judge and his ruling will not be disturbed unless abuse of discretion affirmatively appears. State v. Sultan, 142 N. C., 569, 54 S. E. Rep., 841, 9 Ann. Cas. 310.

The trial court was in a position to judge of the physical condition of the defendant's counsel, and his refusal of a continuance on this ground is justified by the record showing the alert and discriminating course of counsel in conducting the defense.

An accused is not entitled as a matter of right to have a jury drawn from the jury box, but the court may order a jury from the county at large when the names in the jury box are exhausted. Colson v. State, 51 Fla., 19, 40 South. Rep., 183.

A denial of a motion for continuance on the ground that public sentiment against the accused is such that he can not obtain a fair trial in the county will not be disturbed when the affidavit of the defendant is not supported by other affidavits or evidence, and there is no showing that the accused was prevented from getting corroborative evidence, and no abuse of discretion is shown. This is the rule in applications for change of venue, and is as proper in motions for continuance. Shiver v. State, 41

Fla., 630, 27 South. Rep., 36; Roberson v. State, 42 Fla., 223, 28 South. Rep., 424. No error appears in refusing to grant the continuance asked.

The testimony of Charles Cone and Stephen Bravo is that the defendant and the deceased had a personal difficulty in which the deceased appeared to be the more aggressive. This difficulty being terminated without serious injury to either party, the deceased left the scene of conflict. After a brief delay the defendant recovered his knife dropped in the conflict and went "in the same direction Scott had gone." The defendant proceeded down the street and later "commenced to run" and "did not make any noise with his feet." He overtook Scott and cut him. Scott fell and died the next day. The defendant admits the cutting, but states it was done in self-defense and at a point more than a hundred feet from the point where the deceased fell.

Error is assigned on the refusal of nine separate charges requested by the defendant. It is unnecessary to copy these charges covering several pages. Insofar as they stated correct propositions of law applicable to the facts of this case they were sufficiently covered by the charges given.

The court did not charge on murder in the third degree as defined by the statute, but the facts of this case do not call for such a charge. Cook v. State, 46 Fla., 20, 35 South. Rep., 665.

Statements, not denying declarations, made by the deceased the next day after the fatal cutting are hearsay and inadmissible. Lambright v. State, 34 Fla., 564, 16 South. Rep., 582; Smith v. State, 48 Fla., 307, 37 South. Rep., 573; Vickery v. State, 50 Fla., 144, 38 South Rep., 907.

The charge given by the court is quite lengthy, being full, explicit and fair. It is not subject to the criticisms

made of it.   No useful purpose will be subserved by reproducing it here.   There is evidence to support the verdict.

There is nothing in the record to indicate that the defendant did not have a fair and impartial trial, and the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.