CHARLES BROWNE, ALIAS CHARLES PISELLIA, ALIAS CHARLES PISELLI, ALIAS CHARLES PISELLA, ALIAS JOSEPH JOHN YOUNG, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Division B.

### Opinion Filed December 16, 1924.

1. Application for postponement or continuance is addressed to the sound judicial discretion of the trial court and the ruling of the court either granting or denying such application will not be disturbed unless an abuse of this discretion is clearly shown.

2. An accused and his counsel are entitled to a reasonable time in which to prepare for trial after indictment, and the ruling of a trial court denying an application for postponement or continuance is subject to review on writ of error.

3. Where, in a criminal prosecution, an abuse of discretion in denying a motion for postponement or continuance is clearly shown and it appears that in the furtherance of justice a new trial should be awarded, a judgment of conviction will be reversed because of such error.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Reversed.

*J. E. Peacock,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

WEST, J.—Plaintiff in Error, Charles Brown, alias Charles Pisellia, alias Charles Piselli, alias Charles Pisella, alias Joseph John Young, was jointly indicted with Clara Browne, alias Clara Pisellia, alias Clara Piselli, alias Clara Pisella, his wife, and Joe Brown, alias George Browne, alias George F. Burns, alias George L. Guinasso. The charge was murder. Upon motion of the State Attorney, there was a severance. Plaintiff in error was put upon trial. There was a verdict of guilty and sentence of death.

The indictment was returned on November 15, 1923. On the same day an attorney was appointed to represent the defendant Charles Browne. The defendant was duly arraigned and entered a plea of not guilty. The case was set to be tried on the 19th day of November, 1923. When the case was reached for trial on that day there was a motion for a postponement of the trial "to a date not earlier

than Friday, November 23rd, 1923." The grounds of the motion are that the attorney for defendant had not had reasonable time within which to familiarize himself with the case and prepare for the trial and defense of defendant; that the defendant is a resident of the State of New York; that he "is afflicted with periodical insanity, and insane delusions, which come over and possess him frequently, frequently weekly, and sometimes more often; that during these spells the defendant is absolutely incompetent, insane and knows nothing of his actions or conduct; that he has been an inmate of a hospital for the insane, to-wit: of Dannemara State Hospital, of Dannemara, New York, in which he has recently been confined for a period of a year and a half; that defendant was in the U. S. service during the recent World War, during which time he suffered severe physical injury by means of being gassed, and by reason of which injuries he suffers insane delusions and periodical insanity above mentioned;" that he had not had an opportunity to get in communication with his relatives and procure necessary financial aid to make a proper defense or to procure counsel. This motion was denied.

There was a motion that the attorney for defendant be permitted to confer with the defendant and his wife, Clara Browne, a co-defendant, together, it being alleged that since their arrest they had been detained separately and not permitted to see or talk with each other. The court made an order that the attorney for defendant be permitted to confer with him and his wife, Clara Browne, separately. There was also a suggestion by his attorney of the insanity of defendant and a motion that his mental condition be inquired into before proceeding with the trial. This motion was granted. A committee was appointed by the court under instructions to examine the defendant, confining their investigation to his mental condition at

that time.   This committee proceeded at once with the examination and reported to the court that it found the defendant not insane.

Application for postponement or continuance is addressed to the sound judicial discretion of the trial court and the ruling of the court either granting or denying such application will not be disturbed unless an abuse of this discretion is clearly shown.   But an accused and his counsel are entitled to a reasonable time in which to prepare for trial after indictment, and the ruling of a trial court denying an application for postponement or continuance is subject to review on writ of error.   Where, in a criminal prosecution, an abuse of discretion is clearly shown and it appears that in the furtherance of justice a new trial should be awarded, a judgment of conviction will be reversed because of such error.   Moore v. State, 59 Fla. 23, 52 South. Rep. 971; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312.

In view of the showing of defendant's impaired mental faculties previous to the alleged crime, requiring his detention in a hospital for the insane, and injuries sustained while in the military service, resulting in alleged delusions and periodical insanity and that he was held practically *incommunicado* except as to the attorney appointed to represent him, to whom he was a stranger, from the date of the indictment to the time of his trial, we are constrained to hold that the denial of the motion for a week's postponement of the trial for preparation was error and the ends of justice require a new trial.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.