A. B. CHRISTIE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed August 1, 1927.

*Akerman & Akerman, H. B. S. Hammond,* and *Palmer, Dickension & Shirley,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Asistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in error, A. B. Christie, was indicted, tried and convicted for the crime of rape. The death penalty was imposed and writ of error taken to the judgment. The crime was alleged to have been committed· in Orlando, Orange County, Florida, on the early morning of October 15th, 1926. Christie was arrested about noon of the same date and lodged in the Orange County jail where he remained till October 18th, when he was removed to the county jail of Hillsborough County, one hundred miles away for safe keeping, or to prevent lynching. In response to a writ of *habeas corpus* he was returned to Orlando on the afternoon of October 30th, and the charge against him was investigated resulting in his being remanded. He was placed on trial November 1st, 1926, following the denial of a motion for continuance, which is laid as the first assignment of error here.

We think a continuance or postponement within reason should have been granted. Plaintiff in error and the prosecutrix were comparative strangers to each other, having met once before three or four days prior to the date of the alleged crime. The prosecutrix was twenty-four years old, and during the six years prior to this incident had lived in more than half a dozen places in three different states. She had lived in Orlando about one year.

The plaintiff in error was a stranger in Orlando, having come there from another state fifteen days prior to the crime for which he stands convicted. He was arrested on October 15th, and three days later he was removed to Hillsborough County jail, one hundred miles away, for safe keeping. He was returned to Orlando on the afternoon of October 30th, and was arraigned and tried on November 1st, 1926. It is true that he had secured counsel before he was removed to the Hillsborough County jail and they appear to have been diligent in his behalf, but he was entitled to more than that. It was his right under the facts shown to establish in court the character of himself and that of the presecutrix, if he intended to rely on consent as a defense, to be advised fully of the charge against him and to have a reasonable time to prepare his defense to such charge. On account of the inconvenience counsel were put to in consulting with defendant and the brief time given to prepare for and present his defense in the light of the facts here shown to exist we think he was denied a fundamental right guaranteed him by the Constitution.

Our country is committed to the doctrine that no matter what the crime one may be charged with he is entitled to a fair and impartial trial by a jury of his peers. Such a trial contemplates counsel to look after his defense, compulsory attendance of witnesses if need be, and a reasonable time in the light of all the prevailing circumstances to investigate, properly prepare and present his defense. When less than this is given the spirit and purpose of the law is defeated. Moore v. State, 59 Fla. 23, 52 So. 971; State v. Pool, 50 La. Ann. 449, 23 So. 503; Brown v. State, 88 Fla. 457, 102 So. 546; Anderson v. State, 92 Fla. 477, 110 So. 250.

"A law suit is not a scientific game to be won or lost

by skillful or unskillful moves on the part of the players. It is neither a matching of wits nor a contest of intellectual powers. It is plain, simple inquiry as to where the truth lies in the controversy over legal rights involving person or property. It is not a contest between court and counsel, nor yet between counsel for the respective parties for the display of learning or forensic eloquence. Neither should seek to submerge the court or to win success for himself or to bring defeat to an adversary by invoking technical rules of practice or refinements of reasoning which defeat substantial justice.''

Much in the record brought here staggers the moral conscience but court nor jury should be influenced by that. Where does the truth lie in the controversy is the substance of their concern and is the pillow of fire that must guide them in their deliberations and to their conclusion in the matter. By rumors of mob violence they are not to be deterred from performing their full duty nor should they be moved by the display of skillful technique or forensic eloquence on the part of the counsel, otherwise our time-honored constitutional guaranty of fair and impartial trial becomes a receding memory which like the apples of Sodom crumble to dust when about to be realized.

In the conduct of the trial, the trial judge and State's attorney were noticeably fair in the performance of their respective duties, but in view of the circumstances that encompassed the defendant we do not think that he was given a reasonable time within which to prepare and present his defense; and we think that in view of all the facts in the case he was entitled to have given the following charge in his behalf which was requested but denied:

''In a case of this kind where no other person was an immediate witness to the alleged act the testimony of the prosecutrix should be rigidly scrutinized, especially as to

the nature and extent of the force used and as to whether consent was not ultimately yielded, and before you can convict the accused you must be satisfied beyond a reasonable doubt that the alleged rape was 'forcible and against the will of' the prosecutrix, since the accomplishment of the act by force and against the will of the female are the essential elements of the crime.''

Coker v. State, 83 Fla. 672, 93 So. 176.

Whether one charged with violating the law is tried and the sentence of the law imposed today or at some reasonably near future date is quite immaterial but it is very material that the trial be conducted in every detail in keeping with the letter and spirit of our fundamental law. For reasons thus announced the judgment below is reversed and a new trial awarded.

Reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.

BUFORD, J., dissents.

ELLIS, C. J., concurring:

I concur in the conclusion reached because I think the requested charge which was refused contained a correct statement of the law and was applicable to the evidence, the inherent weakness of which left the question of consent a matter of doubt.

I do not concur in the view that any undue haste existed in bringing the defendant to trial which could be said to have impaired his rights under the law.

BUFORD, J., dissenting:

I do not think the action of the court in declining to grant the motion for a continuance or postponement of the trial under the showing made constituted reversible error. I do not think the charge quoted in the majority opinion contained a correct statement of the law under the evidence as submitted and I therefore think the trial judge was within his legal rights to refuse to give the charge. The evidence is in many respects most remarkable and the jury would have been warranted in discrediting a great part of it. This, however, the jury appears not to have done. There is nothing in the record to show or to lead one to believe that the jury was influenced by anything outside the evidence. To believe the evidence offered and find a verdict based thereon was within the province of the jury. I therefore dissent from the judgment of re-- versal.