I am constrained to dissent from the majority opinion because I believe Section 25, Article XVI of the Florida Constitution, F.S.A., should be construed as defining the term "felony" in connection with "the laws of the State" which are penal in character — those which prescribe punishment for an offense or crime.
The obvious purpose of Section 40.01, F.S. 1941, subsection 2, F.S.A., was to enlarge the field and give a broader scope of operation to the vocable "disqualifications" (when a person has been convicted as distinguished from merely being "under prosecution") than is expressed in Section 40.01 F.S. 1941, subsection 1, F.S.A. This objective was accomplished by adding the words "or any felony," (Italics supplied.) It is unreasonable to assume that the legislature intended to discriminate against one who had been convicted of a felony in one of the several criminal courts of the State of Florida. The majority opinion leads to no other conclusion.
The legislature did not intend any such result as that which flows from the majority opinion. We have held that legislative acts should be construed — not only in pari materia with other acts on the same or similar subjects but that the court should consider the purposes of the law and the objects to be accomplished.
The overall or main purpose of the legislature as expressed in Section 40.01, subsection 2, was to disqualify for jury service one who had been convicted of a felony to the end that every accused would have a fair and impartial trial by "a jury of his peers".
Section 25, Article XVI of the Florida Constitution, F.S.A., is not a limitation on legislative power, nor is it a prohibition — it is a yardstick for determining which crimes shall be within the classification of felonies and defines the word "felony" for such purpose. It is patent that the legislature gave to such constitutional definition the construction which I would give it.
Moreover, the challenged jurors were convicted of crimes which were committed in Florida and they were crimes which must be classified as felonies. These men could have been prosecuted in a state court of this State. The fact that they were tried and convicted in the Federal Court of the Northern District of Florida does not remove them from the classification of disqualified persons intended to be covered *Page 863 
by our legislature at the time it enacted Section 40.01, sub-section 2. A felon is a felon wherever convicted.
The test should be made by using as a guide our Constitutional definition of "felony". By this I mean that any one convicted of a crime, in a foreign jurisdiction or in a Federal Court which crime if committed and conviction obtained in Florida would have constituted a felony under such definition, should be deemed disqualified (unless restored to his civil rights) by virtue of the provisions of Section 40.01 F.S. 1941, sub-section 2, F.S.A.
For the foregoing reasons, I would reverse the judgment and sentence and direct a new trial in which the appellant would be tried by a jury of his "peers" — a jury composed of qualified
jurors who stand, with the accused and one another, equal before the law. Such trial is the type which is guaranteed to an accused by Section 11 of our Declaration of Rights, F.S.A., and is the only type which is consonant with our holding in Christie v. State, 94 Fla. 469, 114 So. 450, 451, wherein we said: "Our country is committed to the doctrine that no matter what thecrime one may be charged with he is entitled to a fair and impartial trial by a jury of his peers. * * * When less than this is given, the spirit and purpose of the law is defeated." (Italics supplied.)
ADAMS, C.J., and ROBERTS, J., concur.