CARROLL, DONALD, Judge.
In his petition for writ of certio-rari the petitioner seeks our review and reversal of an order of the Florida Industrial Commission sitting as the Florida Unemployment Compensation Board of Review, denying his application for leave to appeal from a decision of an Appeals Referee on his claim for unemployment compensation, on the principal ground that the petitioner’s right to the compulsory attendance of witnesses at the hearing before the Appeals Referee was violated by the Referee. The Referee had held that the evidence showed that the petitioner was discharged by his employer for misconduct connected with his work, and hence he was disqualified for unemployment compensation benefits under the provisions of Section 443.06(1), Florida Statutes 1957, F.S.A. The only witnesses who testified before the Appeals Referee were the petitioner himself and the president of the *96 employer corporation. The order of the Board of Review has the legal effect of affirming the Appeals Referee’s report and determination.
To his notice of appeal which the petitioner filed with the Board of Review was attached a statement reading in pertinent part:
“I requested the Commission to issue subpoenas requiring the attendance of material witnesses employed by the employer. These witnesses would have testified that I was not discharged for nor guilty of misconduct. These subpoenas were denied. The appeals referee was asked for subpoenas and denied them.”
In its brief, the respondent Florida Industrial Commission, with commendable candor and fairness, admitted:
“ * * * that prior to the taking of testimony at the hearing before the referee the Petitioner requested that the referee issue a witness subpoena, and that this was made known to the Board of Review by means of a statement attached to the Petitioner’s Application for leave to appeal to the Board of Review * * *
This respondent' contended, however, that the action of the Referee and the Board was not an abuse of due process or a denial of a fair hearing.
Section 443:07(4) (b), Florida Statutes 1957, F.S.A., provides that an appeals referee in proceedings of this kind shall make findings and conclusions “after affording the parties a reasonable opportunity for a fair hearing * * *.”
Section 443.12(8), Florida Statutes 1957, F.S.A., provides that the Commission, the appeals referees, and the members of the Board of Review shall have power to “issue subpoenas to compel the attendance of witnesses and the production of books” and other records.
Section 12 of the Declaration of Rights in the Constitution of Florida, F.S.A., provides that no person shall be “deprived of life, liberty, or property, without due process of law * * *.”
The parties have not cited to us any Florida case, and independent research has revealed none, in which the court held that the refusal to issue witness subpoenas in a quasi-judicial proceeding like that here constituted a denial of due process or of a “fair hearing”:
The general rule is thus stated in 42 Am.Jur., Public Administrative Law, Section 137:
“An administrative hearing in the exercise of judicial or quasi-judicial powers must be fair, open, and impartial. The right to such a hearing is an inexorable safeguard and one of the rudiments of fair play assured to every litigant by the Fourteenth Amendment as a minimal requirement. There can be no compromise on the footing of convenience or expediency, or because of a natural desire to be rid of harassing delay, when that minimal requirement has been neglected or ignored. The breadth of administrative discretion places in a strong light the necessity for maintaining in its integrity the essentials of a fair and open hearing. When such a hearing has been denied, the administrative action is void.”
The rule as it appears in 1 Fla.Jur., Administrative Law, Section 127, is:
“Due process is not satisfied by a hearing which is only colorable or illusory. What the constitution requires is a reasonable opportunity to be heard, or such a hearing as is practicable and reasonable in the particular case and which affords a party a fair and full opportunity to protect his rights.”
One Florida case, Christie v. State, 1927, 94 Fla. 469, 114 So. 450, has been *97 found, however, which points out with great clarity that the compulsory attendance of witnesses is a vital part of the American concept of due process and a fair hearing:
“Our country is committed to the doctrine that no matter what the crime one may be charged with he is entitled to a fair and impartial trial by a jury of his peers. Such a trial contemplates counsel to look after his defense, compulsory attendance of witnesses, if need be, and a reasonable time in the light of all the prevailing circumstances to investigate, properly prepare, and present his defense. When less than this is given, the spirit and purpose of the law is defeated. Moore v. State, 59 Fla. 23, 52 So. 971; State v. Pool, 50 La.Ann. 449, 23 So. 503; Browne v. State, 88 Fla. 457, 102 So. 546; Anderson v. State, 92 Fla. 477, 110 So. 250.”
Since the Supreme Court in that opinion was considering compulsory attendance of witnesses in a criminal case, the decision cannot be regarded as decisive in a case involving an administrative proceeding as here; but we are persuaded the logic can be applied with like force to a hearing before the Appeals Referee on a claim for unemployment compensation. Application for witness subpoenas must, of course,. be timely made. An employee’s income and survival and perhaps his family’s, too, may be at stake in such a hearing. The right to the compulsory attendance of witnesses is especially important to an employee when the issue at the hearing, as here, is whether he was guilty of misconduct connected with his work. His witnesses on this issue would naturally come from his fellow-employees, who ordinarily would be very reluctant to testify voluntarily against the interest of their employer, on whose favor they depended for their livelihood. The state legislature mandated the appeals referee to give the employee a reasonable opportunity for a fair hearing, and we consider that the employee was denied this fair hearing when the referee denied him the right to the compulsory attendance of witnesses.
For these reasons the writ of certiorari is issued, the order of the Board of Review is quashed, and the cause is remanded with instructions to reinstate the petitioner’s claim and direct that further proceedings thereon be had in conformity to the views herein expressed.
WIGGINTON, Chief Judge, and STUR-GIS, J., concur.