CARROLL, DONALD K., Judge
(dissenting).
I cannot concur with the majority opinion because I believe not only that it conflicts with established principles but also that it violates what I conceive to be fundamental precepts of right and justice, and appears to me to have the effect of substantially reducing the value and meaning of the sacred constitutional right of an indigent to the assistance of counsel at his trial.
The appellant has taken this appeal from an order entered by the Circuit Court for Bradford County, denying his motion for post-conviction relief, filed pursuant to Florida Criminal Procedure Rule No. 1, claiming the deprivation of his constitutional right to the benefit of counsel at his trial.
The ultimate question before us in this appeal is whether the said constitutional right includes a reasonable time for court-appointed counsel to prepare for the trial.
In his motion, filed in 1965, to vacate and set aside the judgments of conviction and the sentences, filed pursuant to the provisions of Criminal Procedure Rule No. 1, the appellant alleges the following concerning the trial court’s appointment of counsel to represent him: that, when he was arraigned, tried, convicted, and sentenced, he was “incompetent to law and was indigent, and * * * was not appointed counsel until the actual day of his trial and the cause then proceeded immediately to trial.”
The appellant also vividly alleges and' contends in his said motion that the constitutional right to counsel is not accorded a defendant who stands “at the bar of justice ready for trial. And at that precise moment, the court reaches out into its audience and selects an attorney (in these cases the Public Defender) to step' forward and stand beside the defendant.”
In a later paragraph of his said motion the appellant presents his position in this vein: “Therefore, on the day of the defendant’s trial (at the conclusion of which he received 20 years in the State Prison) as he stands before the Court, * * * the Court at that moment appoints a lawyer to defend him (who not only knows nothing about the facts in the case or the position of the defendant but does not even-have an opportunity to consult and talk with the defendant about his defense). * * * ” Elaborating upon this argument, the appellant also asserts in his motion that his said court-appointed attorney had no opportunity to interrogate him “minutely and precisely” about his part in the charged offenses, nor an opportunity to search for witnesses who might assist in the defense.
The above allegations in the appellant’s motion concerning the court’s appointment of the counsel at the trial, in my opinion, are uncontradicted by the recitals in the record, if not wholly consistent therewith. *734 Nevertheless, the Circuit Court in the order appealed from herein found that the appellant “had counsel at the time of the entry of his plea of guilty” as to both ■charges, and denied the appellant’s said motion.
The landmark case in this area of the law is, of course, the decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In that case the Supreme Court held that the guarantee of the right to the benefit of counsel secured by the 6th Amendment to the United States Constitution is made obligatory upon the states by virtue of the 14th Amendment thereto, at least in the trial of felony cases in the state courts. This “Gideon doctrine” has been recognized and applied by myriads of subsequent federal and state decisions.
The appellant’s concept of the nature of the constitutional right to counsel as embodying a reasonable time to prepare for trial finds support in many decisions of the courts of Florida. For instance, the Supreme Court of Florida in Christie v. State, 94 Fla. 469, 114 So. 450 (1927), said:
“Our country is committed to the doctrine that no matter what the crime one may be charged with he is entitled to a fair and impartial trial by a jury of his peers. Such a trial contemplates counsel to look after his defense, compulsory attendance of witnesses, if need be, and a reasonable time in the light of all the prevailing circumstances to investigate, properly prepare, and present his defense. When less than this is given, the spirit and purpose of the law is defeated. Moore v. State, 59 Fla. 23, 52 So. 971; State v. Pool, 50 La.Ann. 449, 23 So. 503; Browne v. State, 88 Fla. 457, 102 So. 546; Anderson v. State, 92 Fla. 477, 110 So. 250.”
The recent decision of the District Court of Appeal, Third District of Florida, in Watson v. State, 169 So.2d 887 (1964), directly supports the position of the appellant in the present appeal. In that case Watson appealed from an order denying his motion for post-conviction relief filed pursuant to Criminal Procedure Rule No. 1. When the case came on for trial, Watson was without counsel, whereupon, in the words of the District Court of Appeal, the trial court “called on one of the public defenders who was present to represent Watson, and the trial proceeded forthwith.” With regard to such appointment of counsel for Watson, the appellate court held:
“The right of a criminal defendant to be represented by counsel includes being afforded a reasonable time before trial within which to obtain a lawyer or to have one appointed a reasonable time before trial, in order that the attorney may have an opportunity to confer with the accused and to prepare for trial. The time so required may vary, and will depend on the nature and complexities of the case. Such a requirement is not met when the lawyer is appointed as the trial commences. See House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Christie v. State, 94 Fla. 469, 114 So. 450; French v. State, Fla.App.1964, 161 So.2d 879; 14 Am.Jur., Criminal Law § 172. Here there was no waiver of counsel, and under the circumstances the defendant was subjected to trial without representation as called for under the Gideon case.”
The Third District Court of Appeal then reversed the order appealed from and remanded the cause for further proceedings as provided for under Criminal Procedure Rule No. 1.
An analogous situation was also involved in a case before this court in Brooks v. State, 176 So.2d 116 (1965), which was an appeal from an order denying a motion for new trial, rather than an order denying a motion for post-conviction relief under the said Rule No. 1, as in the present case. One of the assignments of errors was that the trial court erred in denying the motion for *735 a continuance made by the defense counsel so as to enable the appellant, Brooks, sufficient time in which to summons the witnesses whom the public defender, who had previously represented Brooks, had neglected to summons, which denial caused Brooks to be inadequately represented at the trial. At his arraignment on May 22, 1964, Brooks was adjudged to be insolvent, and the trial court appointed the public defender to represent him as well as a co-defendant. On June 4, 1964, the public defender advised the court that Brooks was dissatisfied with his representation, and requested the court to appoint counsel to represent Brooks, stating that he would continue to represent the co-defendant. The court granted this request and appointed a member of the bar, James Tomlinson, to assist the public defender at the trial by representing Brooks. On the next day, June S, at 9 :30 A.M. Brooks was brought to trial. Prior to the selection of the veniremen Tomlinson made the motion for continuance mentioned above. In our opinion we then stated the issue and principles involved as follows:
“Thus we are squarely presented with an uncontroverted factual situation which discloses that the following events transpired in less than 24 hours prior to trial: (1) Defendant’s attorney was relieved of his responsibility by the court. (2) New counsel was appointed by the court to represent defendant. (3) Defendant’s new counsel moved for a continuance on the ground that he had not been afforded an adequate opportunity to prepare a defense for defendant. The organic right to he represented by counsel necessarily carried with it the right to have a reasonable time in which to prepare for trial. Here, the trial court determined on the day prior to trial that it was in the interest of justice to relieve defendant’s counsel of his duties and concurrently held that defendant was entitled to the services of other counsel, which the court appointed. Once having determined that defendant was entitled to Tomlinson’s services, the court, in order to comply with the provisions of Section 11, Declaration of Rights, Florida Constitution, F.S.A., should have granted counsel a reasonable time to prepare for trial.” (Emphasis not supplied.)
We then concluded that the trial court’s denial of the said motion for continuance was “an abuse of discretion and resulted in a deprivation of a fundamental right on the part of defendant.” Consequently we reversed the order appealed from and remanded the cause with directions to grant a new trial.
In our opinion in the Brooks case, supra, we quoted with express approval the following statement from our decision in French v. State, 161 So.2d 879 (1964) concerning the fundamental rule applicable in cases of the kind before us:
“The right to the appointment of counsel under the circumstances herein considered is not a sham or hollow right amounting to a superficial gesture in order to lend color of compliance with constitutional guarantees. The right is a real and substantial one to be accorded in such manner as to fully meet the purpose, spirit and intent of those provisions of organic law which guarantee due process.”
If the appellant in Brooks v. State, supra, was deprived of his constitutional right to the benefit of counsel, when his newly-appointed counsel had several hours in which he could have prepared for or planned the defense, a fortiori the appellant in the case at bar was deprived of his constitutional right to counsel, when, according to the uncontradicted allegations of the appellant’s said motion to vacate, his counsel was appointed only moments before being called upon to assist in the defense.
The latest Florida decision recognizing the principle that the constitutional right to counsel includes the right to a reasonable time to investigate and prepare for trial, is *736 our decision in Barton v. State, Fla.App., 182 So.2d 655, opinion filed simultaneously with the filing of the opinions in the instant case. In that case, like the present one, the appellant appealed from an order denying his motion to vacate filed pursuant to the said Rule No. 1. He contended that immediately after an attorney was appointed by the court to represent him, the attorney pleaded the appellant guilty of all the charges filed against him without first having made an independent investigation of such charges, and without having conferred with the appellant with regard to the facts of any of the charges. With regard to the foregoing contention, the majority of our court held:
“If, as alleged and contended by appellant, his attorney pleaded him guilty to all thirty-four counts of the three in-formations filed against him without first conferring with appellant and without investigating the facts concerning each of such charges, then we would be forced to the conclusion that the appointment of counsel to represent appellant was a mere gesture and fell far short of affording appellant legal representation as guaranteed by the due process clause of the Constitution. If, on the other hand, the attorney appointed by the court did, following his appointment, in fact read, study and consider the several charges made against appellant in the thirty-four counts of the informations, and also made an adequate investigation of each of such charges before pleading appellant guilty on the same day upon which the informations were filed and appellant was arraigned, then the due process guarantee of the Constitution may be considered to have been met. This is the issue on which the trial court should have taken evidence and which must be resolved before the conclusion can be reached that appellant is not entitled to the relief prayed for by his motion to vacate.”
While I recognize that the above-discussed five Florida cases involved facts different in some particulars from those in the case at bar, one common fundamental principle, it seems to me, runs clearly through all six cases — the just principle that the right to the assistance of counsel includes the right to a reasonable time within which to prepare for trial.
In some respects, I think, the case at bar calls more strongly than the other five cases for the application of the said principle than the above five cases do, for if the allegations of the motion before us are true (and there is nothing in the record to contradict them), the appellant’s attorney, suddenly called out of the audience to represent the appellant at the trial then commencing, not only did not have a reasonable time to prepare for trial but in a real sense had no time at all. Even if the appellant, under these strange and exciting circumstances, had hurriedly told his just-appointed attorney that he was guilty, the attorney could hardly act upon that assurance, for every lawyer knows of the unreliability of the average layman’s concept of his guilt or innocence of a criminal charge, for a layman, untrained in the law, often is entitled to legal defenses of which he has no knowledge. In any event, I do not see how we can fairly say as a matter of law that the appellant here was accorded his constitutional right to the assistance of counsel and was not entitled, under the provisions of Rule No. 1, to a hearing at which he would have an opportunity to present evidence in support of the allegations of his motion to vacate.
Even if the foregoing five Florida decisions were not binding upon us here, I would feel that the dictates of logic and fair play would require a reversal of the order appealed from herein. Every lawyer knows that it takes a substantial amount of time to prepare adequately to defend an accused at a trial, even in an apparently simple case. He must confer at some length with the accused, interview all possible witnesses, *737 prepare and file appropriate motions, study the law involved, obtain the timely issuance of witness subpoenas, plan the strategy for the defense at the trial, and decide upon the plea which the accused should make, in the light of the circumstances divulged in his investigation. Where the lawyer is suddenly called upon by the judge, as here, to stand beside the accused at the moment of his arraignment and represent the accused at the trial, which follows immediately, the lawyer, in my view, cannot be said as a matter of law to be in a position to render the adequate assistance in the defense to which the accused is constitutionally entitled. In such a situation, even if the accused hurriedly whispers to his just-appointed attorney that he is guilty of the crime charged, every lawyer knows that the view of a layman on trial as to his guilt or innocence is notoriously unreliable, for oftentimes an accused is entitled to a legal defense of which he has no knowledge or understanding. In fact, the lawyer in that position often would scarcely possess sufficient information from which to frame the grounds for a successful motion for a continuance. In any event, I do not see how we can say as a matter of law on the record before us that the appellant was accorded his constitutional right to the assistance of counsel.
In other words, my view is that expressed by the Supreme Court of Florida in its above-quoted opinion in Christie v. State, that, when less than a reasonable time is given to investigate, properly prepare, and present the defense, “the spirit and purpose of the law is defeated.” My view was also precisely set forth in the above quotation from our opinion in French v. State that the right to the appointment of counsel “is not a sham or hollow right amounting to a superficial gesture in order to lend color of compliance with constitutional guaranties.”
The province of this court in the present appeal is not to adjudge whether or not the appellant was in fact accorded his right to counsel at his trial, but only to determine whether the trial court erred in its order summarily denying the appellant’s motion to vacate without setting a hearing at which the appellant would be afforded an opportunity to present evidence in support of the allegations of his motion.
In deciding this latter question, we must follow the guidelines found in Criminal Procedure Rule No. 1, adopted by the Supreme Court of Florida, pursuant to which rule the appellant’s motion to vacate was filed. The key provision of the said rule provides as follows:
“Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.”
Applying this key provision literally, can we say that the appellant’s motion to vacate conclusively shows that he is entitled to no relief? I think it would more nearly be accurate to say that his motion conclusively shows that he is entitled to relief, especially where, as here, the record and file of this case are compatible with the allegations in the appellant’s said motion. In any event, by the terms of the said key provision of the rule, unless we find that “the motion and the files and records of the case conclusively show” that the appellant is entitled to no relief, we must hold that the trial court erred in denying his motion without giving the appellant his “day in court” on his allegations and without setting a hearing at which the appellant would be given a full opportunity to present evidence to prove his said allegations.
Accordingly, I would reverse the order appealed from and remand the cause with directions to set such a hearing and to proceed further in accordance with Rule No. 1. I, therefore, dissent. I do agree with the majority, however, that the decision in *738 this cause passes on a question of great public interest and should, therefore, be certified to the Supreme Court of Florida pursuant to Section 4(2), Article V, of the Florida Constitution.