WIGGINTON, Judge.
Appellant filed in the trial court a motion in accordance with the provisions of Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, to vacate and set aside the judgment of conviction and sentence rendered against him. From an order denying the relief prayed, this appeal is taken.
By his motion for relief appellant alleged that at the time of his arrest and trial he was insolvent and an attorney was appointed by the court to represent him. Appellant further alleges that the attorney appointed *656 by the court was not of his choice; that such attorney failed to adequately represent appellant’s best interest; that had he done so he would have been able to secure substantial grounds to prove appellant’s innocence. In his brief filed in this court in proper person appellant asserts that immediately after the attorney was appointed he pleaded appellant guilty to all the charges filed against him without first having made an independent examination of such charges, and without conferring with appellant with regard to the facts of any of such charges. In essence it is appellant’s contention that appointment of counsel to represent him in this case was a mere formality, as a result of which his constitutional right to due process of law has been violated.
Upon consideration of the motion filed by appellant, the trial court, without hearing, entered an order reciting that from the record of the cause it affirmatively appeared that appellant was represented by counsel, and that he was not entitled to the relief prayed for. The record consisted solely of the informations by which appellant was charged with the criminal offenses to which his counsel pleaded him guilty, and the minutes of the court reflecting the appointment of counsel, appellant’s arraignment, pleas of guilty, judgment and sentence.
From the record filed in this court it appears that on May 29, 1964, three separate informations were filed in the Court of Record of Escambia County as follows:
(1) In one information appellant was charged in seven counts with having, between March 20 and March 27, 1964, committed separate offenses of breaking and entering two different buildings with intent to commit a felony and with grand larceny; and on April 11, 1964, with the offense of breaking and entering a different building with intent to commit a felony and with grand larceny; and on May 8, 1964, with breaking and entering yet another building with intent to commit a felony.
(2) The second information charged appellant in nineteen counts with having, on six separate specified dates in May 1964, committed the offenses of breaking and entering seven different buildings with intent to commit a felony; breaking and entering three additional and different buildings with intent to commit a misdemeanor; and, with the offenses of grand and petit larceny.
(3)The third information charged appellant in eight counts with having, on two separate dates in April 1964, and on two separate dates in May 1964, committed the offenses of breaking and entering four different buildings with intent to commit both felonies and misdemeanors, and with the offenses of grand and petit larceny.
The minutes of the court reveal that on May 29, 1964, the same day on which the informations against appellant were filed, an attorney at law was appointed to represent appellant against all charges contained in the three informations. The minutes of that day further reveal that in the presence of his court-appointed attorney appellant was arraigned and pleaded guilty to all thirty-four counts of the three informations on file in the court. The minutes further reveal that on the same day following his arraignment and pleas of guilty, he was adjudged guilty and was sentenced to a term of imprisonment in the state prison on some of the charges, sentences on the remaining charges being deferred.
There is nothing in the record from which it may be determined whether court-appointed counsel actually conferred with appellant following his appointment and prior to the hour of arraignment, or to what extent such counsel studied and investigated the thirty-four separate offenses with which his client was charged. These are matters on which inquiry should properly have been made by the trial court before resolving the issue raised by appellant’s motion for relief regarding the adequacy of his representation by court-appointed counsel. As provided by the Rule itself, “Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no *657 relief, the court shall cause notice thereof to he served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.” Compliance with this provision of the rule is mandatory.[1]
If, as alleged and contended by appellant, his attorney pleaded him guilty to all thirty-four counts of the three informa-tions filed against him without first conferring with appellant and without investigating the facts concerning each of such charges, then we would be forced to the conclusion that the appointment of counsel to represent appellant was a mere gesture and fell far short of affording appellant legal representation as guaranteed by the due process clause of the Constitution. If, on the other hand, the attorney appointed by the court did, following his appointment, in fact read, study and consider the several charges made against appellant in the thirty-four counts of the informations, and also made an adequate investigation of each of such charges before pleading appellant guilty on the same day upon which the in-formations were filed and appellant was arraigned, then the due process guarantee of the Constitution may be considered to have been met. This is the issue on which the trial court should have taken evidence and which must be resolved before the conclusion can be reached that appellant is not entitled to the relief prayed for by his motion to vacate.
For the reasons hereinabove stated the order appealed is reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., J., concurs.
RAWLS, C. J., dissents.

. King v. State (Fla.App.1963) 157 So.2d 440.