232 So.2d 444 (1970)
Raul MONSERRATE, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-559.
District Court of Appeal of Florida, Third District.
March 3, 1970.
Meyer M. Brilliant, P.A. and Frank Kreutzer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, Chief Judge.
The appellant was found guilty of the unlawful possession of a narcotic drug and sentenced to three years imprisonment. On appeal he has presented eleven points. Four of the points urged, if well founded, would constitute independent grounds for discharge of the appellant. None of these points is well founded. Each of the seven remaining points, if well founded, would constitute independent grounds for a new trial. One of these points claims prejudicial error in a procedural ruling of the trial court and is in our opinion well founded.
The trial court refused to require the state to divulge to the appellant the name of an important witness whom the state alleged acted with the police in the events leading to the appellant's arrest. This refusal is not in conformity with the law. It resulted in a failure to give the appellant a fair trial. We therefore reverse the judgment and remand the cause for a new trial.
Appellant was arrested on September 19, 1968, for offenses he allegedly committed on July 9, 1968. An information charged him (1) with the unlawful sale of heroin and (2) with the unlawful possession of heroin. Prior to trial appellant moved for and secured from the state a statement of particulars. The state's answer, among other things, informed the appellant of the time and place of "the offense" and also declared: "The defendant sold Heroin to Detective Uher, who was with a confidential informant, on the date, time and place set forth above." Appellant, before trial, orally presented a motion for the name of the "confidential informant."[1] The court *445 reserved ruling on the motion. At trial Detective Uher testified in substance that appellant sold heroin to the "confidential informant", who then gave the heroin to Uher. At various times during the trial defense counsel urged that the identity of the unnamed person be revealed so he could be examined to determine whether he did what Uher said he did. The court refused to order the state to reveal that person's identity. The state did not call that person to testify. The court found appellant not guilty of unlawful sale of heroin but found him guilty of unlawful possession of heroin.
The fundamental question of fact before the trial court was this: did the unnamed person referred to at trial receive heroin from the appellant on July 9, 1968? Since the court found the appellant not guilty on the sale charge but guilty on the possession charge it is reasonable for us to conclude that the trial court based its not guilty finding on a fatal variance between the charge outlined in information and the proof offered by the state. That is, the state charged sale to one person, Detective Uher, and offered proof concerning sale to another person. Therefore since the court found the appellant guilty on the possession charge, it must have answered affirmatively the factual question stated above. In doing so without granting appellant's motion to have the state furnish appellant with the identity of the person to whom the initial transfer of heroin was allegedly made the court deprived the appellant of the opportunity of questioning that person, which opportunity was a vital step in preparing a defense against the accusations. According to the proof presented by the state the unnamed witness had the most intimate knowledge of the criminal acts the appellant was accused of having committed. The following quotation is a concise statement of the importance of that knowledge to the defense:
"Under the Code of Ethics the attorney for the appellant not only had the right but it was his plain duty to interview and examine as many as possible of the persons who were supposed to know the facts, so as to be able to ascertain the truth concerning the charge in controversy and to prepare his defense thereto." Mathews v. State, Fla. 1950, 44 So.2d 664, 669.
Since it is logically impossible for a prospective interviewer to find for purposes of interview someone whose identity he does not know, it follows that the state must furnish the defense with the name of someone who "is supposed to know the facts" of an offense for which an accused is to be tried. Were we to follow a contrary rule we would deprive a criminal defendant of a fair trial (part of which is "compulsory attendance of witnesses")[2] and of "the right to have compulsory process for witnesses, [and] to confront at trial adverse witnesses * * *."[3]
We think the foregoing discussion shows that the identity of the unnamed person to whom the initial transfer of heroin was made was as vital to defending against the possession charge as it was to defending against the sale charge.
Since it may be an issue upon retrial we expressly hold that the chain of custody of the physical exhibit was sufficiently established *446 to comply with the rule in Stunson v. State, Fla.App. 1969, 228 So.2d 294.
Appellant's point urging reversal because of a formal deficiency in the information does not present error. See rule 1.140(o), Florida Rules of Criminal Procedure, 33 F.S.A. The point directed to the admission into evidence of the physical exhibit and the point directed to the sufficiency of the evidence are not supported by the record. The last point directed to the weight of the evidence is moot.
The remaining points which are directed to procedural matters do not present reversible error and do not merit discussion.
For the foregoing reasons we reverse the judgment convicting appellant of unlawful possession of heroin and remand the cause for a new trial on the charge of unlawful possession of heroin.
Reversed and remanded for new trial.
NOTES
[1] MR. KREUTZER: We feel in this case where we have pled not guilty  I will tell the Court the defendant will take the stand to deny the charges. I feel under the case of Spataro v. State where you have a situation whereby a detective allegedly purchases from a defendant and there is someone there that is within the knowledge of the arresting officer and/or the police department is something that should be given to the defendant to give him the opportunity to call that person as a defense witness to state at that time and place such an event did not take place.

This information is not available to the defendant, especially in view of the fact he has pled not guilty, and I have now proferred he is going to take the stand and deny the charge.
The reason I make that proffer, I think the Spataro case indicates that is one of the factors involved as to whether the accused admits or does not deny guilty.
THE COURT: What is your position on that?
MISS SCHWARTZ: I think the law if perfectly clear about confidential informants, and in this case sale is made to and in the presence of the officer who is present in court today.
[2] Christie v. State, 94 Fla. 469, 114 So. 450, 451 (1927). Cf. Drogaris v. Martini's Incorporated, Fla.App. 1960, 118 So.2d 95; 2 Wharton's Criminal Evidence §§ 705, 702, (12th ed. 1955).
[3] Declaration of Rights, § 16, Florida Constitution (1968 revision), F.S.A.