PER CURIAM.
After a trial by the court, the appellant was found guilty of the possession of marijuana and sentenced to one year in prison. The only substantial point presented on this appeal from his conviction and sentence urges reversal because of the state’s failure to reveal the name of a confidential informant to the appellant. It is urged that the evidence at the trial showed that the confidential informant might have given testimony which could have aided the appellant in his defense and that therefore the court erred in not requiring the state to include the informant’s name in a list of witnesses furnished pursuant to Rule 1.220, CrPR, 33 F.S.A.
The record-reveals that the name of the informant was privileged under the holding in Treverrow v. State, Fla.1967, 194 So.2d 250, and was not subject to the exception set forth in Monserrate v. State, Fla.App.1970, 232 So.2d 444.
The remaining points have been examined; they do not present reversible error.
Affirmed.