ELBERT COKER, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed June 16, 1921.

1.  In all criminal prosecutions the accused has the right to be
    furnished with a copy of the indictment against him.

2.  All persons accused of crime should be allowed a reasonable
    time in which to prepare for their defense when they are
    brought before the courts to answer the charges preferred
    against them.

A Writ of Error to the Circuit Court for DeSoto
County; George W. Whitehurst, Judge.

Judgment reversed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

ELLIS, J.—Elbert Coker was tried upon an indictment
for rape alleged to have been committed on the 5th day of
September, 1920, and was convicted in December of the
same year. He seeks here a reversal of the judgment upon
a writ of error.

The indictment was presented on the 20th day of Decem-
ber, 1920, and according to the bill of exceptions the cause
proceeded in the following manner: The grand jury came
into court and presented the indictment. The judge re-
ceived it from the hands of the foreman and delivered it
to the State Attorney and inquired if the defendant was

in court. The defendant by his counsel objected to his arraignment at that time and to his being required to plead, because he had not had sufficient notice of the contents of the indictment and because no capias had issued thereon. This objection was overruled, and the defendant was required to plead to the indictment. Exception was taken to this proceeding. The defendant then requested a copy of the indictment before going to trial, but he was informed by the clerk that the latter did not have time to prepare it, whereupon the defendant objected to being put upon his trial for the reason that he had not had sufficient time to prepare for his defense, and requested sufficient time to prepare his motion for an adjournment or continuance and place the same in writing. This motion was overruled, to which exception was taken, and *"immediately* thereafter upon the same day, the said cause came on to be heard," the defendant announcing that he was not ready for trial. These procedings were made the basis of several assignments of error.

The constitution of this State provides: that in all prosecutions the accused shall have the right to a speedy and public trial, by an impartial jury, shall be heard by himself or counsel or both, shall have the right to demand the nature and cause of the accusation against him, the right to meet the witnesses against him face to face, have compulsory process for the attendance of witnesses in his favor and shall be furnished with a copy of the indictment against him. See Declaration of Rights, Sec. 11, Const. 1885. The rights above enumerated naturally grow out of the fundamental principle that every person shall be protected in the enjoyment of his life, liberty and property except as they might be declared to be forfeited by the judgment of his peers or the law of the land. In substance,

with the exception of the last provision, the rights enumerated are embraced and made a part of the sixth amendment to the constitution of the United States. They were foreshadowed in Magna Charta upon which the fabric of constitutional liberty was slowly and patiently erected. See Cooley's Principles of Constitutional Law.

These provisons secure to every person accused of crime a fair and impartial trial. The words are full of meaning and it is the duty of courts to observe and obey them. Justice requires and it is the universal rule observed in all courts of this country it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error, it strikes at the root and base of constitutional liberties, it makes for a deprivation of liberty or life without due process of law, it destroys confidence in the institutions of free America and brings our very government into disrepute. There is some intimation in the bill of exceptions that defendant's counsel may not have demanded for his client a copy of the indictment or a reasonable time for the preparation of his defense with sufficient clearness to be heard by the Court. This may be the explanation of this unseemly proceeding, in which according to an affidavit by the defendant's counsel, included in the bill of exceptions the defendant was hurried with such precipitancy into his trial that he was required to plead to the indictment within a few minutes of its presentation by the

grand jury and before it had retired from the court room to resume its duties.

It is almost impossible to imagine a state of circumstances under which such unbecoming haste would be justified in a court of justice. The offense with which the defendant was charged was a repulsive one, and if proven in an orderly, decorous and legal manner, there could be no doubt as to the retribution the law would exact, but when citizens are denied their constitutional rights in a court of justice, no person is wise enough to foretell the possible harm that may result to humanity.

The record is sufficiently full in the matter of detail relating to the proceeding referred to as to leave in the minds of the judges of this court no doubt that the defendant was deprived of rights to which he was entitled, and as a result his trial cannot be said to have been fair and impartial. The proceedings therefore were a nullity and the judgment is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.