JIM SCOTT, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Opinion filed April 20, 1931.

Petition for rehearing denied May 28, 1931.

*Carter, Solomon & Pierce,* for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *John H. Carter*, for Defendant in Error.

JOHNSON, Circuit Judge.—At the Fall Term of the Circuit Court in and for Gulf County, Florida, 1930, the plaintiff in error, Jim Scott, was indicted for the crime of murder in the first degree, charging Jim Scott with having murdered one C. L. Land on the 15th day of July, 1930. The record in this case discloses:

That the Court convened on Monday, September the 8th; that on the afternoon of Tuesday, September the 9th, the grand jury presented in open court the indictment against the defendant. That on Wednesday forenoon, September 10th, the defendant was brought into open court and arraigned, and plead not guilty. That at the time of the arraignment the defendant presented to the Court a motion, sworn to, which motion reads:

"Now comes the defendant and respectfully shows to the Court that he stands indicted in this Honorable Court of a capital offense, to-wit, first degree murder. That the alleged homicide occurred in Gulf County, Florida, on the 15th day of July, 1930, and that since that time this defendant has been confined in the common jail of Bay County, Florida, by order of the Circuit Court of Gulf County, Florida, to await the action of the Grand Jury on account of the alleged homicide, which jail is approximately 35 miles from the Court House of Gulf County, Florida, where this cause is pending. That this defendant was unable to procure attorneys for his defense until Saturday, September 6th, 1930, and since such time has not had an opportunity to discuss the charges against him, or to discuss his defense with such attorneys, who reside at Marianna, within the Fourteenth Judicial Circuit of Florida, but approximately 60 miles from the said

Court House of Gulf County, and approximately 60 miles from the said jail of Bay County. That the indictment herein was returned by the Grand Jury at 2:05 P. M. o'clock on Tuesday September 9th, 1930, and this defendant was arraigned at 9:05 A. M. o'clock on Wednesday, September 10th, 1930.

Wherefore, the defendant moves the Court to grant him a short postponement of this cause, to-wit, to some day in the present term not less than five days from this date in which to prepare his defense to the charge embraced in said indictment, and in which to procure such witnesses as he shall deem advisable.''

This motion was denied by the Court and the trial was set for Friday A.M. September 12th, 1930. Exception was taken by the defendant to the ruling of the Court on this motion, which is made the basis of the first assignment of error.

On Friday A.M., September 12th the case was called for trial. The State announced ready. The defendant announced not ready for the reasons stated in his previous motion. The Court then proceeded with the trial of the case. Exception was also taken to the ruling of the Court and is made the basis of the second assignment of error.

The record also discloses that the defendant's counsel, at the close of the State's testimony, moved the Court to be allowed ten minutes for a conference before putting defendant's testimony in. The Court denied this motion, to which ruling exception was taken by defendant. This ruling of the Court is not assigned for error but plaintiff in error calls the Court's attention to it in support of the first and second assignments of error.

This Court finds nothing in the record to indicate that

the five days time asked by the defendant in which to prepare his defense was unreasonable. Murder in the first degree is one of only two crimes for which the death penalty can be inflicted in the State of Florida. The defendant was not moving for a continuance. The Court takes judicial notice of the fact that the statute allows two weeks time, if necessary, for holding the fall term of circuit court in Gulf County.

Section 11 of the Declaration of Rights of Florida, Const. 1885, and Article Six of the Amendments to the Constitution of the United States guarantees certain rights to persons charged with crime. This Court in the case of Coker v. State of Florida, 82 Fla. 5, in defining these rights said:

"These provisions secure to every person accused of crime a fair and impartial trial. The words are full of meaning and it is the duty of courts to observe and obey them. Justice requires and it is the universal rule observed in all courts of this country it is sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime without permitting him the privilege of examining the charge and time for preparing his defense etc."

The defense of one charged with murder in the first degree, or other high crime, is a serious undertaking, and should not be considered lightly. This court does not take the position that one charged with crime, capital or otherwise, may not be tried promptly after the indictment is presented, but when the defendant, in due season, asks for a reasonable time in which to prepare his defense the

time should be granted unless there is a showing to the contrary.

On the authority of Coker v. State, 82 Fla. 5; Anderson v. State, 92 Fla. 477; and Browne v. State, 88 Fla. 457, Reed v. State, 94 Fla. 32, 113 So. 640, the judgment in this case is reversed and a new trial granted.

There are other assignments of error not necessary to be considered.

Reversed for a new trial.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.