JIM SCOTT, *Plaintiff in Error*, VS. STATE OF FLORIDA, *Defendant in Error*.

143 So. 249.

En Banc.

Opinion filed July 26, 1932.

Petition for rehearing denied October 3, 1932.

*Carter & Pierce, B. L. Solomon* and *H. V. McClellan*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, and *John H. Carter*, for the State.

PER CURIAM.—The plaintiff in error was indicted in the Circuit Court of Calhoun County for murder in the first degree. He was tried at the Fall Term of the Circuit Court in 1930, convicted of murder in the second degree, took writ of error and the judgment of conviction was reversed. Scott vs. State, 101 Fla. 250, 134 Sou. 50. He

was again tried at the Fall Term of Circuit Court in 1931 and again convicted of murder in the second degree and sentenced to life imprisonment. To the second judgment of conviction he sued out writ of error.

The case is now before us on two assignments of error; First, "The Court erred in overruling defendant's challenge to the array of jurors summoned to try the cause." Second, "The Court erred in overruling defendant's motion for a new trial."

There are two errors relied upon for reversal.

The first question presented is whether or not the Court erred in charging the jury of its own motion as follows:

"If you should believe from the evidence in the case that the defendant unlawfully shot and killed C. L. Land under facts and circumstances that would constitute murder in the first degree rather than murder in the second degree, as defined to you by the court, you may find him guilty of murder in the second degree for which he is now on trial, because murder in the second degree is included by the same evidence that constitutes murder in the first degree."

And further charging the jury as follows:

"I charge you further in this case, if the evidence established to your satisfaction and beyond a reasonable doubt that the defendant assaulted the deceased with a pistol from and with a premeditated design to effect his death, and shot and killed the deceased with such design, and at the time of such assault and shooting the defendant knew the deceased was unarmed and there existed no cause for such shooting, either real or apparent, then it will be your duty to find the defendant guilty of murder in the second degree."

It is contended by the State that inasmuch as the Judge had definitely instructed the jury that they could not find the defendant guilty of murder in the first degree, although the indictment charged such offense, because of the fact that the defendant had been theretofore tried and convicted of murder in the second degree which

in effect acquitted him of the charge of murder in the first degree, and further instructed the jury that they could find the defendant guilty of no higher offense than murder in the second degree, that the instructions complained of constituted harmless error.

The quoted charges complained of are technically erroneous for the reasons stated in West v. State, 55 Fla. 200, 46 So. 93; but when considered in connection with the entire record, such charges could not reasonably have been harmful to the defendant. The procedural matters for which the judgment of conviction was reversed in West v. State, *supra,* were materially different from those presented in this case.

A challenge to the array of the trial jurors was interposed on the ground that the list of persons selected to serve as jurors from which the current venires were drawn, is illegal because only four of the five county commissioners participated in selecting and authenticating the jury list, the fifth county commissioner not having then received his commission evidencing his election. It is contended that as the previous statute requiring "the board of county commissioners" to select the names to go in the jury box, having been amended so that the duty is now upon "the county commissioners," the charge required all five of the county commissioners to perform the duty. This is untenable. The constitution requires the election of a county commissioner from each of the five districts of each county, and the constitution confers duties upon them to be performed by "the county commissioners." In the absence of contrary provisions of law duties duly conferred upon "the county commissioners" or upon "the board of county commissioners" may be performed by a majority of the county commissioners at a lawful meeting. See 15 C. J. 461.

278

Affirmed.

WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.
BUFORD, C.J., dissents
DAVIS, J., disqualified.