SYLVESTER JOHNSON, alias SYLVESTER BLOCKER v. STATE.

151 So. 383.
Division B.
Opinion Filed December 7, 1933.

*George M. Okell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The plaintiff in error was informed against the Criminal Court of Record of Dade County in an information in two counts. The first count charged an assault with intent to rape. The second count charged the breaking and entering of a building with intent to commit a felony, to-wit: the crime of rape.

Information was filed on February 6th, 1933.

Defendant was brought into court and arraigned on the morning of February 7th, 1933, at which time his counsel for the first time saw the information.

Counsel moved for a continuance of the case until the following morning so as to be able to procure material witnesses in behalf of the defendant. The motion was denied. The case was continued until the afternoon of February 7th, at which time defendant was put on trial over his protest and at which time his counsel insisted on a continuance until the following morning, making sufficient showing that material witnesses in behalf of defendant resided in Dade County where they could be served with process in time to appear in court the following morning.

There are other assignments of error but we think the only reversible error shown by the record is the denial of the motion for a continuance for a reasonable time in which defendant might procure material witnesses in his behalf.

Any person put on trial, regardless of whether he be guilty or not, is entitled to a fair and impartial trial and he is also entitled to sufficient time after his arraignment to procure witnesses who are shown to be available and within easy reach of the process of the court.

This case falls within the rule enunciated in the case of Coker v. State, 82 Fla. 5, 89 Sou. 222; Reed v. State, 94

Fla. 32, 113 Sou. 630; Lowe v. State, 95 Fla. 81, 116 Sou. 240; Anderson v. State, 92 Fla. 477, 110 Sou. 250.

Upon authority of the opinions in the above cited cases and cases therein cited, the judgment should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., not participating because of illness.