108 So.2d 494 (1959)
Makron H. SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. A-322.
District Court of Appeal of Florida. First District.
January 20, 1959.
*495 David H. Levin, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Defendant has appealed from a judgment and prison sentence of twenty years based upon a verdict finding him guilty of manslaughter. The error assigned on appeal is directed to the trial court's denial of a motion for postponement or continuance made by defendant at the time and under the circumstances hereinafter related.
On January 14, 1957, an information was filed against defendant charging him with manslaughter by the operation of a motor *496 vehicle while under the influence of intoxicating liquors. The case was set for trial on March 7, 1958. Two days before trial date the county solicitor filed a new information charging defendant with manslaughter by the culpably negligent operation of a motor vehicle. It appears that the first information was accordingly abandoned or withdrawn and the second charge treated as an amended information. The record is silent as to when defendant or his counsel was apprised that the new information had been filed and the old one withdrawn.
On the day set for trial defendant and his counsel appeared before the court and orally moved for an order granting a continuance for the term or postponement to a later date to be fixed by the court. The grounds urged in support of the motion were that defendant had received only one day's notice that the charge against him had been materially changed; that he had prepared himself to defend against the charge of manslaughter by intoxication originally lodged against him, but that the evidence and testimony marshalled in support of this defense would be useless and of no material benefit in establishing a defense against the charge of manslaughter by culpable negligence; that diligence had been exercised in an endeavor to prepare for trial on the amended charge, but that the short interval of time ensuing between the amendment and trial date made it impossible for defendant to adequately prepare his defense and secure by subpoena the presence of witnesses whose testimony would be necessary to support his defense against the amended charge; that late in the afternoon on the day preceding trial defendant had located a named eyewitness who was present at the scene of the collision out of which the charge arose, whose testimony would establish defendant's innocence; that before defense counsel's interview with this witness was completed the office of the clerk of the court had closed for the night and the procurement of a subpoena to assure the witness' attendance at the trial was impossible; that although the witness promised to appear at the trial on the following morning and testify on behalf of defendant, the witness had nevertheless failed to appear and defendant could not safely proceed to trial without his testimony. Defendant's counsel requested the court's permission to properly incorporate his motion in the record and have it verified by the defendant's oath. Upon the court's refusal, defendant asked leave to be sworn so that he could repeat under oath the motion as orally stated by his counsel. The court likewise refused this request and denied the motion for the reason that it did not comply with the requirements of the statute.[1] Defendant was immediately placed on trial which resulted in the judgment and sentence now under assault.
It is a fundamental proposition that the granting or denial of a postponement or continuance in an action at law rests largely in the sound discretion of the trial court. Its ruling will not usually be disturbed absent a clear showing of abuse.[2] A sound judicial discretion must take into account that whether a defendant be guilty or not, he is entitled to a fair and impartial trial, a necessary concomitant of which is sufficient time after his arraignment to adequately prepare his defense and procure witnesses who are shown to be available and within reach of the court's processes.[3] Little can be added to the wise expression by Justice Ellis when he said:
"Justice requires, and it is the universal rule, observed in all courts of this country it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most *497 gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error, it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law, it destroys confidence in the institutions of free America and brings our very government into disrepute."[4]
It is true that in the case now considered the motion for postponement or continuance did not technically comply with the requirements of our statute with respect to form or verification, which failure constituted the basis of the trial court's denial thereof. It does not follow that such technical deficiencies mandatorily require a denial of such a motion if under the circumstances its allowance is necessary to insure a fair trial.[5] When it is shown that in consequence of inadvertence of counsel, or other cause, the rigid enforcement of rules of procedure would defeat the great object for which they were established, it is the trial court's duty to so relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to promote the fair administration of justice.[6]
Among the pertinent statutes emphasized by the State as having important bearing upon our consideration of the issue here presented is the one which provides that in all criminal prosecutions the state and the defendant shall each have the right to a speedy trial.[7] Observing that appellant was required to stand trial two days after the new information was filed against him, it is abundantly clear that the trial court zealously protected the rights intended to be bestowed by the mentioned statute. In so doing, however, he failed to give proper weight to other overriding factors intended to guide him in the exercise of a sound judicial discretion.
Under the circumstances revealed by the record we are of the view that the trial court abused his discretion in denying defendant's motion for postponement or continuance. It follows that the ensuing judgment is so interfused with error that it must be reversed and a new trial granted.
Reversed.
STURGIS, C.J., and THORNAL, Associate Judge, concur.
NOTES
[1] F.S. §§ 916.03, 916.04 and 916.05, F.S.A.
[2] 12 Am.Jur. § 5, p. 450.
[3] Johnson v. State, 113 Fla. 193, 151 So. 383.
[4] Coker v. State, 82 Fla. 5, 89 So. 222.
[5] Coker v. State, supra note 4; Ford v. Ford, 150 Fla. 717, 8 So.2d 495.
[6] Courtney v. Central Trust Company, 112 Fla. 298, 150 So. 276.
[7] F.S. § 916.01, F.S.A.