161 So.2d 879 (1964)
Jack Edward FRENCH, Appellant,
v.
STATE of Florida, Appellee.
No. E-416.
District Court of Appeal of Florida. First District.
March 24, 1964.
T. Edward Austin, Jr., Public Defender, for appellant.
James W. Kynes, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant has appealed an order entered by the Criminal Court of Record of Duval County denying his motion for relief filed *880 pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
From the record on appeal filed in this Court, the following undisputed facts appear. On May 10, 1961, an information was filed in the Criminal Court of Record of Duval County charging appellant with the offenses of breaking and entering with intent to commit a felony and with grand larceny. Two days later appellant was arraigned, and because of his insolvency he was unable to procure and was therefore without the benefit of counsel to assist him in his defense. Appellant entered a plea of not guilty and thereupon was advised by the trial court that counsel would be appointed to assist him in his defense. The case was set for trial ten days later on May 22, 1961, on which date the trial court appointed an attorney to represent appellant. Upon notification of his appointment, appellant's assigned counsel promptly moved the court for a continuance of the trial in order to allow him a reasonable time in which to confer with appellant and prepare the defense. This motion was denied, a jury was immediately impaneled and the trial commenced The trial extended over into the next succeeding day when upon its conclusion, the jury returned its verdict finding appellant guilty of both offenses with which he was charged in the information.
On June 12, 1961, acting in proper person, appellant filed a motion for new trial. Because of his continued insolvency, appellant was unable to procure the assistance of counsel to represent him before the court in the hearing on his motion. Upon denial of appellant's motion for new trial, he announced to the court his desire to appeal the judgment of conviction entered by the court upon the jury's verdict, and requested the appointment of counsel to assist him in the handling of his appeal. This motion was likewise denied.
Under the landmark decision of Gideon v. Wainwright[1] rendered by the Supreme Court of the United States it is now a firmly established principle of law that an indigent defendant charged with a felony is entitled to the appointment of counsel to assist him in his defense unless he understandingly and intelligently waives this right. In the absence of waiver, it is encumbent upon the trial court to appoint counsel to represent such indigent defendant, which representation must be accorded at every critical stage of the proceedings. Any act by the court which deprives an indigent defendant charged with a felony of the right to counsel violates basic constitutional rights and vitiates any judgment of guilt which may thereafter result.
The right to the appointment of counsel under the circumstances herein considered is not a sham or hollow right amounting to a superficial gesture in order to lend color of compliance with constitutional guarantees. The right is a real and substantial one to be accorded in such manner as to fully meet the purpose, spirit and intent of those provisions of organic law which guarantee due process.
Although the letter of the law was observed by the trial judge when he appointed a competent member of the Bar to represent appellant in the trial of the charges against him, the question presented for our decision is whether the spirit and intent of the law was likewise observed in this case when the trial court delayed until the very day of trial the appointment of counsel, and then denied such counsel's motion for a continuance of the trial until he had a reasonable opportunity to confer with appellant and prepare such defense as he may have had.
It is generally held that "The duty imposed on the courts to assign counsel to defend one accused of a crime who is himself unable to employ counsel was not intended to be a mere empty formality. It means more than the mere appointment of counsel. Such duty is not discharged by an *881 assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. It is a general rule that a reasonable time for the preparation of a defendant's case must be allowed between the time of assignment of counsel by the court and the date of trial."[2]
In the early case of Coker v. State, the Supreme Court speaking through Mr. Justice Ellis, said: "Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute."[3]
In the case of Shepherd v. State the defendant charged with manslaughter was allowed only two days between the filing of the charge and the trial of the case within which to prepare his defense. In reversing the judgment of conviction because of the failure of the trial court to grant a motion for continuance to allow appellant's attorney a reasonable time within which to prepare his defense, this Court said: "It is a fundamental proposition that the granting or denial of a postponement or continuance in an action at law rests largely in the sound discretion of the trial court. Its ruling will not usually be disturbed absent a clear showing of abuse. A sound judicial discretion must take into account that whether a defendant be guilty or not, he is entitled to a fair and impartial trial, a necessary concomitant of which is sufficient time after his arraignment to adequately prepare his defense and procure witnesses who are shown to be available and within reach of the court's processes."[4]
It is our view that the trial court committed fundamental error if he forced appellant to trial on the serious charges contained in the information filed against him in this case without allowing appellant's court-appointed counsel a reasonable time within which to confer with appellant and prepare his defense for trial. Such act of the trial judge would be tantamount to depriving appellant of the right to counsel as guaranteed by the Sixth Amendment to the Constitution of the United States and the mandate of the Supreme Court of the United States as contained in the Gideon decision, supra.
We have considered the remaining points on appeal but in view of our disposition of what we consider to be the controlling question presented for our decision, we find it unnecessary to discuss them.
As a general rule, the granting or denial of a motion for continuance is discretionary and may be reviewed only by appeal from the final judgment. Such an order, like so many other rulings made during the course of a criminal prosecution, may not properly be asserted as a ground for collateral attack upon the judgment instituted pursuant to Criminal Procedure Rule 1. Where, however, the order amounts in essence to the deprivation of counsel under circumstances where the right to counsel is guaranteed as a part of due process by the organic law of our state and nation, the ruling may constitute a proper ground *882 for relief. The order appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[2] 14 Am.Jur.  Criminal Law  § 172, p. 886.
[3] Coker v. State, 82 Fla. 5, 89 So. 222.
[4] Shepherd v. State, Fla.App. 1959, 108 So.2d 494.