169 So.2d 887 (1964)
John W. WATSON, Jr., Appellant
v.
STATE of Florida, Appellee.
No. 64-326.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Wicker, Smith, Blomqvist, Hinckley & Davant and Leland E. Stansell, Jr., Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from an order denying an application for relief under Criminal Rule No. 1, F.S.A. ch. 924 Appendix, by a party serving a sentence following conviction for breaking and entering and grand larceny. The record in this case shows a basis for relief under the rule, and we so hold.
When the original case came on for trial it involved the appellant John Watson, Jr. and a co-defendant, Nathan Mosley. Mosley was represented by an attorney, Mr. Ridarsick, but Watson was without counsel. A suggestion that Mosley's attorney should act for both defendants was rejected when it was brought out that their positions were hostile. Thereupon the court called on one of the public defenders[1] who was present to represent Watson, and the trial proceeded forthwith.[2]
The right of a criminal defendant to be represented by counsel includes being afforded a reasonable time before trial within which to obtain a lawyer or to have one appointed a reasonable time before trial, in order that the attorney may have an opportunity *888 to confer with the accused and to prepare for trial. The time so required may vary, and will depend on the nature and complexities of the case. Such a requirement is not met when the lawyer is appointed as the trial commences. See House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Christie v. State, 94 Fla. 469, 114 So. 450; French v. State, Fla.App. 1964, 161 So.2d 879; 14 Am.Jur., Criminal Law § 172. Here there was no waiver of counsel, and under the circumstances the defendant was subjected to trial without representation as called for under the Gideon case.[3]
The state points to the failure of the defendant's attorney to request a continuance. Appellant replies that a continuance could not reasonably have been expected because under the law at that time the defendant was not entitled to have an attorney appointed in this type of case and could have been ordered to trial without counsel.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings consistent herewith and as provided for under Criminal Rule No. 1.
Reversed and remanded.
NOTES
[1] At the time the trial occurred in 1959, a public defender for Dade County was provided by § 2.21 of the Dade County Code, enacted pursuant to § 6.02(E) of the Home Rule Charter for Metropolitan Dade County.
[2] The trial transcript shows this incident as follows:

"The Court: Mr. Ridarsick, I am going to ask you as an officer of this Court if you would attempt to assist this other defendant also, unless it is in opposition.
"Mr. Ridarsick: It is in opposition. "The Court: All right. Where is Mr. Loffredo, I will ask you to assist the defendant, Watson.
"I realize it is putting you under some handicap but with your experience I am sure you will have no difficulty.
"Swear the witness."
[3] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.