PER CURIAM.
This is an appeal from a summary denial of the defendant’s motion for relief brought pursuant to Criminal Procedure Rule No. 1, F.S.A. Chapter 924 Appendix.
The defendant is serving a sentence following conviction for carnal intercourse with an unmarried female idiot. He alleges that his right to counsel was effectively denied when the court appointed counsel to defend him on the day of his trial. After one conference with his appointed counsel, the defendant entered a plea of guilty. Thereafter, the state called certain witnesses, including a doctor who testified as to the mental deficiency of the victim.
This court has held that the right of a criminal defendant to be represented by counsel includes having an attorney appointed a reasonable time before trial, in order that the attorney may have an opportunity to confer with the accused and to prepare for trial. We recognize that the time required may vary depending on the nature and complexities of the case.[1]
We are unable to determine from examination of the record whether the time involved under the circumstances of this case prejudiced the rights of the defendant.
We find that a full evidentiary hearing is necessary to determine whether the defendant was subjected to trial without representation as called for in the Gideon case.[2]
Accordingly the order appealed from is reversed and the cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.

. Watson v. State, Fla.App.1964, 169 So.2d 887.

. Gideon v. Wainwriglit, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.