BOYD, J.
(dissents):
Petitioner seeks to have this Court review on conflict certiorari the decision of the District Court of Appeal, Third District, reported at 214 So.2d 66. That decision affirms the Order of the lower court denying without evidentiary hearing, petitioner’s motion to vacate sentence, life imprisonment for robbery under Rule 1.850, Rules of Criminal Procedure, 33 F.S.A.
The record before us shows that on June 30, 1933, five days after the robbery occurred, petitioner was informed against, pleaded not guilty, was tried, convicted and sentenced to life imprisonment. The Court overruled counsel’s motion for continuance prior to trial. The entire judicial process from information to sentence, took place in one day despite a request for continuance.[1]
No appeal was taken, due, petitioner alleges, to the failure of the Court to inform him of his right to appeal and his right, as an indigent, to be represented by Court-appointed counsel on appeal.
In the landmark case of Coker v. State, 82 Fla. 5, 89 So. 222 (1921), defendant was indicted for rape December 20, 1920. He was arraigned and tried the same day despite his objection and those of his counsel. The conviction was reversed, this Court holding:
“Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute.”
The question of reasonable time and opportunity to confer with counsel and prepare for trial has been considered in a number of cases since Coker. There were “6 clear working days” between indictment and trial in Anderson v. State, 92 Fla. 477, 110 So. 250 (1926). This Court held the time insufficient to allow preparation for trial in a capital case. In Browne v. State, 88 Fla. 457, 102 So. 546 (1927), an indictment for murder in the first degree was returned and an attorney appointed to represent the defendant four days before trial. This Court reversed the conviction holding that a continuance should have been granted. In Christie v. State, 94 Fla. 469, 114 So. 450 (1927), this Court held that fifteen days between arrest and trial for rape was insufficient.
The District Court in Shepherd v. State, 108 So.2d 494 (Fla.App. 1st 1959), found that the right to a speedy trial was “zealously protected” where defendant was required to stand trial two days after a new information for manslaughter was filed against him. The Court reversed the conviction holding that counsel’s motion for continuance or postponement should have been granted. In Solomon v. State, 138 *275 So.2d 79 (Fla.App. 1st 1962) [2], the District Court held that defendant was “denied * * * fair and reasonable opportunity for preparing for trial or procuring counsel” where he was indicted for liquor law violation and arraigned on one day, and placed on trial the next.
In French v. State, 161 So.2d 879 (Fla.App. 1st 1964), twelve days elapsed between the filing of the information and the trial, but counsel was not appointed to represent defendant until the day of trial. Motion for continuance was denied. On appeal from denial of motion to vacate, the District Court reversed and remanded, holding:
“As a general rule, the granting or denial of a motion for continuance is discretionary and may be reviewed only by appeal from the final judgment. Such an order, like so many other rulings made during the course of a criminal prosecution, may not properly be asserted as a ground for collateral attack upon the judgment instituted pursuant to Criminal Procedure Rule 1. Where, however, the order amounts in essence to the deprivation of counsel under circumstances where the right to counsel is guaranteed as a part of due process by the organic law of our state and nation, the ruling may constitute a proper ground for relief.”
The case of Watson v. State, 169 So.2d 887 (Fla.App. 3rd 1964) held that a record showing that counsel was appointed and defendant tried the same day on a plea of “not guilty” was sufficient to form the basis for relief on motion to vacate.
The record before us clearly establishes petitioner’s right to an evidentiary hearing under Rule 1.850. The decision of the District Court affirming the denial of a hearing conflicts with Coker v. State, supra, and other decisions cited above. The dissenting opinion of the Honorable Norman Hendry, Judge of the District Court of Appeal, Third District, is correct.
When the Founding Fathers provided in our Federal and State Constitutions for the right of speedy trial, they did not contemplate the type of speed involved in this case. Undue haste in bringing an accused person to trial can be as detrimental to his rights as unreasonable delay.
In view of the foregoing I must respectfully dissent. The decision of the District Court of Appeal, Third District, should be reversed and the cause remanded with directions that petitioner be afforded an evi-dentiary hearing in the trial court.

. Respondent’s brief is based on the erroneous conclusion that the information was filed June 25, 1933, five days before the trial. The record plainly shows that the information was filed June 30, 1933, the same day as the trial.

. Certiorari denied, 146 So.2d 376 (Fla.1962).