## STATE v. DUCKETT.

No. 73-18964.

Circuit Court, Dade County, Criminal Appeal.

November 27, 1973.

Phillip A. Hubbart, Public Defender, and Mark King Leban, Assistant Public Defender, for the appellant.

Richard E. Gerstein, State Attorney, and John Durant, Assistant State Attorney, for the appellee.

GRADY L. CRAWFORD, Circuit Judge.

*Opinion and judgment:* This is an appeal from judgments of conviction on charges of careless driving and driving under the influence of an alcoholic beverage. The charges were instituted on November 9, 1971, and after various continuances, the cause was set for trial on July 3, 1973, before the Honorable James Rainwater, County Judge. On the day of trial, the public defender was appointed to represent the defendant. The cause thereupon proceeded to trial after a denial of the public defender's motions for jury trial and continuance.

The defendant contends, and the state concedes that it was error for the trial court to force the defendant to trial without a jury on the ground that the demand for jury trial was "untimely." The defendant clearly had a right to a jury trial under Florida Statute §322.262(4) as the record discloses no written waiver of that right as would be required by Rule 3.260, RCrP. As was pointed out at trial by the assistant public defender, Mr. Flynn —

> "We're requesting the jury trial now. We had no prior opportunity to request a jury trial. We were just appointed today. I don't see how our motion could be any more timely. We've never seen this defendant before today."

This court agrees with respective counsel that it was indeed prejudicial error to force the defendant to non-jury trial under the above circumstances.

The defendant also contends, and the state again concedes, that the trial court erred in denying the defendant's motion for continuance, thus denying the defendant's right to the effective assistace of court-appointed counsel. This court finds that the trial court committed prejudicial error in forcing the public defender to trial on the very day of appointment. French v. State, 161 So.2d 879 (Fla. 1st Dist. 1964); Ross v. State, 181 So.2d 200 (Fla. 3d Dist. 1966); Watson v. State, 169 So.2d 887 (Fla. 3d Dist. 1964). As definitively stated by the Third District Court of Appeal in *Watson,* supra, on facts nearly identical to those at bar —

> "The right of a criminal defendant to be represented by counsel includes being afforded a reasonable time before trial within which to obtain a lawyer or to have one appointed a reasonable time before trial, in order that the attorney may have an opportunity to confer with the accused and to prepare for trial. The time so required may vary, and will depend on the nature and complexities of the case. *Such a requirement is not met when the lawyer is appointed as the trial commences."* 169 So.2d at 887-888. (Emphasis added.)

In consideration of the foregoing opinion, it is adjudged that — (1) The judgments of conviction appealed are reversed. (2) A new trial shall be granted to the defendant. (3) Upon proper demand in accordance with the rules, the defendant shall be given a trial by jury.