QUESTION: What vote is necessary to favorably carry a matter voted upon when only three members of the board of county commissioners of a noncharter county are present at a regular meeting of the board?
SUMMARY: When only three members of the board of county commissioners of a noncharter county are present at a regular meeting of the board, the affirmative vote of at least two of such members in attendance is required for the regular enactment of an ordinance or for the adoption of any other matter which properly comes before the board at such meeting, except an emergency enactment or amendment of an ordinance, which, under s. 125.66(3), F.S., requires a four-fifths vote of the membership of the commission. The general rule respecting the number of members necessary to constitute a quorum for the conduct of county business is found at 20 C.J.S. Counties s. 88(b) as follows: "The number of members of a county board or court necessary to constitute a quorum for the transaction of official business is usually a majority." And with respect to the vote necessary when a quorum consisting of less than the total membership is present, the general rule is stated at 20 C.J.S. Counties s. 88(c) as follows: Ordinarily, the majority of a quorum of the county board present can perform any act which a majority of the board could perform if all were present, where all the members composing the quorum are competent to act on the question before them. Similarly, the Supreme Court of South Carolina observed in Gaskins v. Jones, 18 S.E.2d 454 (S.C. 1942), at p. 456: In the absence of any statutory or other controlling provision, the common law rule to the effect that a majority of a whole body is necessary to constitute a quorum applies, and no valid act can be done in the absence of a quorum. A majority of such a body must be present to constitute a Board competent to transact business. If a quorum is present, a majority of a quorum is sufficient to act and bind the entire body. (Emphasis supplied.) The above-stated general rules have been recognized and followed in this state in the case of Scott v. State, 143 So. 249 (Fla. 1932), in which the court concluded at p. 250: In the absence of contrary provisions of law, duties duly conferred upon "the county commissioners" or upon "the board of county commissioners" may be performed by a majority of the county commissioners at a lawful meeting. [citing Corpus Juris] And it might be noted parenthetically that, with respect to municipalities, the common-law rules have been codified in this state at s. 166.041(4), F.S., which provides, inter alia: "A majority of the members of the governing body [of a municipality] shall constitute a quorum. An affirmative vote of a majority of a quorum present shall be necessary to enact any ordinance or adopt any resolution. . . ." Sections 125.66 and 125.67, F.S., establish the procedure by which county ordinances are to be enacted. With respect to the regular enactment of ordinances, these statutes are silent on the questions of the number of members necessary for the transaction of business and the vote necessary for enactment of an ordinance when less than the total membership is present. Accordingly, the commonlaw rules mentioned above would control with respect to the regular enactment of county ordinances. It should be noted, however, that such is not the case with respect to emergency ordinances. See s.125.66(3), requiring "a four-fifths vote of the membership of such commission" (Emphasis supplied.) to declare the existence of an emergency. Applying the foregoing rules to your question, when only three members of the board of county commissioners of a noncharter county are present at a regular meeting of the board, the members in attendance constitute a quorum for the transaction of official business. The affirmative vote of at least two of such members in attendance is required for the regular enactment of an ordinance or for the adoption of any other matter which properly comes before the board at such meeting, except an emergency enactment or amendment of an ordinance, which, under s. 125.66(3), supra, requires a fourfifths vote of all members of the commission.