Mr. Thomas R. Santurri County Attorney Escambia County Legal Department 28 West Government Street Pensacola, Florida 32501
Dear Mr. Santurri:
This is in response to your request for an opinion on the following question:
 MAY A COUNTY COMMISSIONER LEGALLY AND VALIDLY CAST A VOTE ON AN ITEM PRESENTED TO THE BOARD OF COUNTY COMMISSIONERS WHEN THE COMMISSIONER LISTENS TO AND TAKES PART IN THE DEBATE ON THE QUESTION BY MEANS OF A CONFERENCE CALL-TYPE TELEPHONE HOOK-UP AND WHEN THE COMMISSIONER VOTES ON THE ISSUE SIMULTANEOUSLY WITH THE VOTE OF THE OTHER COMMISSIONERS PHYSICALLY PRESENT IN THE BOARD MEETING ROOM?
Section 125.001, F.S., provides that "[u]pon the giving of due public notice, regular and special meetings of the board may be held at any appropriate public place in the county." (e.s.) Thus, the express requirement of s 125.001 is that a meeting of the county commission must be at a public place in the county. Section125.01(1), F.S., provides in pertinent part, that "[t]he legislative and governing body of a county shall have the power to carry on county government" and to "[a]dopt its own rules of procedure, select its officers, and set the time and place of its official meetings." These two provisions appear to be the only two statutes pertinent to your inquiry. These statutory provisions do not authorize or delegate any authority to the board of county commissioners to hold board meetings by a "conference call-type telephone hook-up."
Generally, a county commission must act as a body and an individual commissioner cannot, unless authorized by law, make official decisions or bind the county. See, Kirkland v. State,97 So. 502 at 508 (Fla. 1923), wherein the Florida Supreme Court stated: "The people, for whom the county commissioners as a board are vested with the power to manage and control the property of the county, have the right to the combined information, experience, and judgment of all the members of the board, or a majority of them, in legal session, when a majority of them, and at no other time, can act with any binding effect upon the county." (e.s.) See also, County of Okeechobee v. Florida National Bank of Jacksonville, 150 So. 124, 126 (Fla. 1933) (board of county commissioners can only contract in the county of its domicile and when acting in a regular or special meeting of such board). See generally, 20 C.J.S. Counties ss 87, 88. Cf., Motes v. Putnam County, 196 So. 465, 470 (Fla. 1940) (holding that where board of bond trustees, due to illness of board's chairman, held a meeting in chairman's home five miles from county seat, a resolution adopted by majority of board was ineffective, notwithstanding contention that an emergency necessitated board's action). Under present Florida law, a board meeting may be properly held at "any public place in the county." Section 125.001, F.S. Thus, in order for the official actions of the governing body of a county to be binding and validly adopted, it must be duly assembled on the giving of due public notice at a regular or special meeting held at an appropriate public place in the county.
Analogously, the rule requiring that a quorum be present as a prerequisite to validly enacting resolutions or ordinances would seem to apply to and influence or effect this conclusion. See, 20 C.J.S. Counties s 88b., where it is stated that "[t]he number of members of a county board or court necessary to constitute a quorum for the transaction of official business is usually a majority." See also, Scott v. State, 143 So. 249 (Fla. 1932), citing Corpus Juris for this proposition. And see, 20 C.J.S. Counties s 88c., which provides: "Ordinarily, the majority of a quorum of the county board present can perform any act which a majority of the board could perform if all were present, where all the members composing the quorum are competent to act on the question before them" and that "[a]bsent members may not be counted as voting, in the absence of sufficient authorization for such procedure." (e.s.) The word "present" is generally defined as "being in view or at hand," Webster's New Collegiate Dictionary, p. 910 (1977), which I take to mean physical presence. Compare, 62 C.J.S. Municipal Corporations s 399, p. 757, "In order to constitute a quorum the requisite number of members must be actually present at the meeting and the requisite number cannot be made up by telephoning absent members and obtaining their vote over the telephone." (e.s.) And see, Penton v. Brown-Crummer Inv. Co., 131 So. 14 (Ala. 1930) (where there was no quorum present at meeting of city council, but resolution was attempted to be passed by calling up absent members over the telephone, resolution of city council was ineffective).
In the absence of any statutory authority to hold board meetings by telephone conference, and as can be seen from the foregoing review of the authorities, this proposal to have a physically absent county commissioner telephonically participate in and vote on matters before the assembled board is a radical departure from the way official meetings of the board of county commissioners have been conducted in the past, and would appear to conflict with the language and intent of ss 125.001 and 125.01(1)(a), F.S., providing for the board of county commissioners to meet, upon giving due public notice, at an appropriate place in the county to carry out the official business of the county. In the absence of any specific judicial direction or legislative authorization, I am unable to conclude that the board of county commissioners is authorized by law to conduct official meetings by means of a telephone conference or that a physically absent county commissioner may validly vote by telephone on matters before the board of county commissioners at a meeting of the board.
It is therefore my opinion that, unless and until judicially or legislatively determined otherwise, a board of county commissioners is not authorized by law to conduct or hold official meetings by telephonic conference, and a physically absent county commissioner may not telephonically participate in and cast a vote on matters before the board.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General